## CURTIS JAMES LEWIS *v.* WARDEN OF THE MARYLAND HOUSE OF CORRECTION

[Misc. No. 18, September Term, 1972.]

*Decided November 9, 1972.*

9. By order of 15 May 1972 this Court ordered that its Clerk accept the appeal without the payment of appeal costs.

340

Before ORTH, C. J., and MORTON and POWERS, JJ.

No appearance for applicant.

No appearance for respondent.

POWERS, J., delivered the opinion of the Court.

Curtis James Lewis has applied to this Court for leave to appeal from an order of Judge Albert L. Sklar in Baltimore City Court denying habeas corpus relief from allegedly excessive bail pending appeal from his conviction in the Criminal Court of Baltimore. His right to apply for leave to appeal was created by Acts of 1972, ch. 392, codified as Art. 42, § 20. See *Bigley and Fleming v. Warden,* 16 Md. App. 1.

Lewis pleaded guilty before Judge David Ross in the Criminal Court of Baltimore to an indictment charging unauthorized use of a motor vehicle. After holding the case *sub curia* from 1 May 1972 to 12 May 1972 Judge Ross imposed the maximum sentence of four years. A direct appeal to this Court was filed. The record indicates that Judge Ross was requested to set bail pending appeal. See Maryland Rule 777 b. He set bail at $20,000.00.

Upon a petition for a writ of habeas corpus filed by

Lewis in the Baltimore City Court the writ was issued, and made returnable before Judge Sklar on 18 October 1972. The State filed an answer asserting that Maryland Rule 777 b prevails over Rules Z40-Z56, and that only Judge Ross, or, by reason of his absence or disability, another judge of the Criminal Court of Baltimore, had power to set bail. The State further contended that the applicant's remedy to inquire into the excessiveness of the bail set by Judge Ross was to petition this Court for leave to appeal from the order of Judge Ross.

The State's position was not correct. Rule 777 b applies to the admission to bail after conviction, pending sentence or appeal, and requires that the action be by the trial judge, in his discretion. That determination by the trial judge is not appealable to this Court, since there is no authority for an appeal from an order denying or setting bail.

A claim by an accused, either prior to trial or after conviction but pending appeal, that he is denied his rights under Art. 25 of the Declaration of Rights by requirement of excessive bail may be asserted under the law of Maryland only by the writ of habeas corpus. From a denial of relief by the judge before whom the writ is returnable, he now has the right to file an application to this Court under Code, Art. 42, § 20, for leave to appeal. Habeas corpus is a civil, not a criminal proceeding. Under Maryland Rule Z40 the petition may be filed with any judge.

In the hearing before him Judge Sklar not only had the authority but the responsibility to determine whether Lewis's constitutional rights were violated by the requirement of excessive bail. He determined that the bail of $20,000.00 set by Judge Ross was not excessive.

We have no transcript of the hearing before Judge Sklar. We assume that under Maryland Rule Z52 Judge Sklar was made aware of the information that was before Judge Ross when Judge Ross imposed sentence, and when he set bail pending appeal. We have reviewed that

information. We conclude that in exercising the discretion given him by Maryland Rule 777 b in setting bail for Lewis pending his appeal, Judge Ross did not infringe Lewis's constitutional protection against excessive bail.

*Application denied.*