# WILLIAM ALEXANDER LONG *v.* STATE OF MARYLAND

[Misc. No. 17, September Term, 1972.]

*Decided December 4, 1972.*

Before ORTH, C. J., and POWERS and GILBERT, JJ.

Application filed by *Raymond Faby* for applicant.

No appearance on behalf of respondent.

ORTH, C. J., delivered the opinion of the Court.

A person convicted of a crime in a circuit court of one of the counties or in the Criminal Court of Baltimore may be admitted to bail, pending sentence or appeal, in the discretion of the judge who presided at the trial. Maryland Rule 777 b. See Code, Art. 26, §§ 33, 34.[1] Such person is not entitled to an appeal directly from the decision of the trial judge either with regard to a refusal to admit him to bail or with regard to the amount fixed for his admittance to bail. He may seek to attack such de-

---

1. The convicted person may also be admitted to bail in the discretion of the trial court after he has filed a petition for certiorari with the Court of Appeals to review a decision of this Court or an application for review in the Supreme Court of the United States of a decision of the Court of Appeals of Maryland or of this Court affirming the judgment of the trial court. Rule 777 e. Rule 777 a deals with the admittance to bail of an accused prior to conviction.

For the constitutional background of the rules and statutes see Art. 25, Declaration of Rights, Constitution of Maryland, setting out the declaration of the People of the State of Maryland "That excessive bail ought not to be required * * * by the Courts of Law." See also the eighth amendment to the Constitution of the United States asserting: "Excessive bail should not be required * * *." In some jurisdictions the entire eighth amendment has been held to apply to the states through the fourteenth amendment, but apparently the Supreme Court of the United States has thus far not so held. *Bigley and Fleming v. Warden*, 16 Md. App. 1, 9.

With respect to bail and the District Courts, see M.D.R. 777 and Code, Art. 26, § 145 (b) (6).

cision collaterally, however, by way of habeas corpus. Rules Z40-56; *Curtis James Lewis v. Warden,* 16 Md. App. 339. Prior to 1 July 1972 there was no appeal from the habeas corpus proceeding, *Hudson v. Superintendent,* 11 Md. App. 253, but chapter 392, Acts 1972, authorized the seeking of leave to appeal as to such habeas corpus petitions as were filed after 1 July 1972. Codified as Art. 42, § 20, the Act provides:

> "A person who has sought habeas corpus relief either from the refusal of a judge to admit him to bail or from the judge's determination requiring an allegedly excessive bail, either prior to trial or at any time following conviction, but prior to final judgment, may apply to the Court of Special Appeals for leave to appeal from the refusal by such judge to issue the writ of habeas corpus applied for or to grant the relief sought in the writ." [2]

Two applications for leave to appeal have come before us under the new statute, *Bigley and Fleming v. Warden, supra,* and *Lewis v. Warden, supra.* Each was properly before us as brought by a person who had sought habeas corpus relief after 1 July 1972 as to bail and who has been denied the relief sought. We denied the application in each case finding no abuse of judicial discretion. In *Bigley* we stated that there was "no mathematically precise formula or equation to determine the allowance *vel non* of bail after conviction" and concluded that each case must be decided on its own particular circumstances. 16 Md. App. at 14.[3] In *Lewis* we pointed out the error of

---

2. The statute spells out the procedure to be followed and the action this Court may take, including a determination of the amount of bail which would be proper in the event the lower court's judgment is deemed to be wrong. There is no right to apply for certiorari to the Court of Appeals from the action taken by this Court.

3. We held, at 8, that "those things which a trial judge may contemplate in imposing sentence may also be viewed in the making of a determination, following conviction, whether, *vel non,* admission to bail is to be allowed." We added: "The same process

the State's position that Rule 777 prevailed over Rules Z40-56, "Habeas Corpus", and of its claim that application for leave to appeal must be from the initial decision of the trial judge denying bail, or fixing an amount alleged to be excessive, without the intervention of a habeas corpus proceeding.

The instant case is not properly before us. WILLIAM ALEXANDER LONG was found guilty by a jury in the Criminal Court of Baltimore of murder in the first degree for which he was sentenced to imprisonment for the balance of his natural life and of assault with intent to murder for which he was sentenced to 15 years to run consecutively to the life sentence. A timely appeal from the judgments was noted and is now pending in this Court. He prayed that the trial judge admit him to bail pending appeal, as he may do under Rule 777 b, and the petition was denied. He applies for leave to appeal from the denial. There is no authority for him to do so. He must first seek habeas corpus relief from the refusal of the trial judge to admit him to bail.[4] If the relief he seeks on habeas corpus is refused he may, under Code, Art. 42, § 20, apply to this Court for leave to appeal from that refusal.

*Application denied; costs to be paid by applicant.*

---

is applicable in setting the amount of bail." In note 6 at 14, we set out some additional factors which may be considered in the exercise of judicial discretion in fixing the amount of bail or in denying bail after conviction.

4. Code, Art. 42, § 20 provides that leave to appeal must be filed "prior to final judgment" and within ten days of the grant or denial of habeas corpus relief. The application "shall contain a brief statement of the reasons why the order of the lower court should be reversed or modified." As we construe it, a judgment becomes final when direct appeal rights have been exhausted, including the right to petition the Supreme Court of the United States for certiorari. See *Ramsey v. Warden,* 1 Md. App. 43.