## TYRONE SIMMONS *v.* WARDEN OF THE BALTIMORE CITY JAIL

[Misc. No. 20, September Term, 1972.]

*Decided January 2, 1973.*

Before ORTH, C. J., and POWERS and GILBERT, JJ.

Application filed by *Elsbeth Levy Bothe* for applicant.

No appearance on behalf of respondent.

GILBERT, J., delivered the opinion of the Court.

Tyrone Simmons seeks leave to appeal from a denial of a writ of habeas corpus in the Baltimore City Court (Sklar, J.) in which that court was requested to set bail pending a third trial. Authority to seek leave to appeal is found in Md. Ann. Code Art. 42, § 20; *Long v. State,* 16 Md. App. 371, 297 A. 2d 299 (1972).

The application states that applicant has twice been tried for the crimes of murder, rape, arson, burglary, and robbery, and that both trials have resulted in deadlocked juries.

At the conclusion of the habeas corpus hearing, Judge

Sklar determined that the proper amount of bail, pending a third trial, was $50,000.00. Applicant here attacks the amount of the bail as excessive.

The purpose of bail is to assure the attendance of the accused at the trial; it is not to punish him. *Bigley and Fleming v. Warden,* 16 Md. App. 1, 294 A. 2d 141 (1972).

We have carefully reviewed the record and note that Judge Sklar said:

> "The seriousness of the charges has to be taken into consideration by the Court as to whether or not bail should be set or the amount of bail to be set. And, the Court must also take into consideration other matters concerning the background of the defendant and so forth, the seriousness of the trial and the possible terms of incarceration has to be considered in resolving his question."

Under the circumstances of this case, we cannot say that the amount of bail set by Judge Sklar was excessive and, therefore, violative of the Eighth Amendment to the Constitution of the United States or Art. 25 of the Maryland Declaration of Rights. We observe no abuse of discretion in the setting of the bail at $50,000.00. It may well be that the applicant is unable to post a bail of $50,000.00, but that factor is not controlling. Indeed, since the applicant in this case claims indigence, it may also be that the applicant could not even post nominal bail. The question of excessive bail is not resolved on the basis of an individual's ability or inability to raise a certain sum. For suggested factors to be considered in fixing bail, see Appendix A, *Bigley and Fleming v. Warden, supra.*

> *Application for leave to appeal denied.*