## OAKLEY CHAFFIN WASHBURN, JR. *v.* SHERIFF, CECIL COUNTY

[Misc. No. 26, September Term, 1972.]

*Decided January 11, 1973.*

Before ORTH, C. J., and POWERS and GILBERT, JJ.

*Harold Buchman* for applicant.

No appearance on behalf of respondent.

ORTH, C. J., delivered the opinion of the Court.

OAKLEY CHAFFIN WASHBURN, Jr. applies for leave to appeal from the refusal of Wise, J., presiding in the Circuit Court for Cecil County, to issue a writ of habeas corpus for relief from the trial court's refusal to admit him to bail after his conviction of criminal offenses. Code, Art. 42, § 20; Maryland Rule 777 b. The application alleges that Washburn is now confined in the Maryland Penitentiary as a result of his convictions under counts 1, 2, 3, 4, 7 and 10 of indictment 2733 and counts 1 and 2 of indictments 2735-2738.[1] It appears that a direct appeal to this Court was noted from the judgments entered and is now being perfected. The order of Judge Wise, entered 20 December 1972, simply stated that the petition for issuance of the writ of habeas corpus "is denied as moot."

If Washburn is confined as he alleges, and there is nothing before us to indicate that he is not, we are at a loss to understand why the petition for the issuance of a writ of habeas corpus is moot. Rule 777 b flatly provides: "After conviction, pending sentence or appeal, an accused may be admitted to bail in the discretion of the trial court." It is pellucidly clear that habeas corpus is a means of seeking relief from the refusal of a judge to admit a person to bail or from the judge's determination requiring an allegedly excessive bail. See Code, Art. 42, § 20; Maryland Rules of Procedure, Chapter 1100, subtitle Z, Habeas Corpus; *Simmons v. Warden,* 16 Md. App. 449; *McLaughlin v. Warden,* 16 Md. App. 451; *Long v. State,*

---

1. The record before us does not disclose what crimes were charged under those counts nor does it show what sentences were imposed.

16 Md. App. 371; *Bigley and Fleming v. Warden,* 16 Md. App. 1.

It appears that the application for the issuance of the writ was in conformance with Rule Z42. Therefore the judge should have issued the writ, and, upon the production of Washburn, inquired into the legality and propriety of the confinement in the context of admission to bail. Rule Z46. We grant the application for leave to appeal and remand the case with direction to the court below to issue the writ forthwith, make the required inquiry, and determine the propriety of the relief sought. When the hearing judge has taken action, he "shall file a short memorandum setting forth the grounds of the application, the questions involved, and the reasons for the action taken thereon. A copy of the memorandum shall be sent to the Administrative Office of the Courts and to the applicant." Rule Z53.

We call attention that in *Bigley and Fleming v. Warden, supra,* at 8-9, we pointed out that admission to bail after conviction and pending appeal is at the discretion of the trial court. We observed, at 14: "There is no mathematically precise formula or equation to determine the allowance *vel non* of the bail after conviction. Each case must be decided on its own particular circumstances." We noted, however, some factors to be weighed in the exercise of the judicial discretion. *Id.,* at 13-14 and note 6.

> *Application granted: order of 20 December 1972 reversed: case remanded for further proceedings pursuant to this opinion; costs to be paid by the County Commissioners of Cecil County.*