## OPHELIA C. HUNTER *v.* WARDEN, BALTIMORE CITY JAIL

[Misc. No. 28, September Term, 1972.]

*Decided February 2, 1973.*

Before ORTH, C. J., and POWERS and GILBERT, JJ.

Application filed by *Harold Buchman* for applicant.

No appearance on behalf of respondent.

ORTH, C. J., delivered the opinion of the Court.

This case concerns the right of a person accused of crime to be admitted to bail prior to conviction.

OPHELIA C. HUNTER was arrested and accused of solicitation of the felony of murder. A judicial officer of the District Court refused to release her pending trial, either on her personal recognizance or on bail. See Code, Art. 26, § 145 (b) (6); Maryland District Rule 777. She petitioned the Baltimore City Court to issue a writ of habeas corpus, alleging that she was illegally imprisoned, detained and restrained of her liberty by the Warden of the Baltimore City Jail because she had been denied bail by the District Court. The writ was issued returnable 27 October 1972 and on that date, by order of Sklar, J., she was remanded without bail to the custody of the Warden. See Maryland Rule 777. Also on 27 October she was presented, and indictments against her were filed in the Criminal Court of Baltimore charging her with soliciting to murder and conspiracy. On 28 November 1972 another order was entered in the Baltimore City Court remanding her without bail to the custody of the Warden.[1] She applied to this Court for leave to appeal. Code, Art. 42, § 20. The application was granted. We reversed the order for reasons set out in *Hunter v. Warden*, Miscellaneous No. 2, September Term, 1972, filed 3 January 1973, unreported. The case was remanded with direction that proper bail be fixed. See *McLaughlin v. Warden*, 16 Md. App. 451, 298 A. 2d 201. Upon hearing, the Baltimore City Court, Sklar, J., by its order of 12 January 1973 ordered that she be remanded to the custody of the Warden "to be released, upon giving bail

---

1. The record before us does not disclose the circumstances of the entry of the order of 28 November 1972.

in the sum of $150,000" for her appearance in court when called. On 22 January she applied to this Court for leave to appeal.

The application is bottomed upon the claim that the amount of bail set was prohibited by the guarantees in the Constitution of the United States and the Constitution of Maryland against excessive bail.[2] Hunter also urges that setting the amount of bail at $150,000 was fundamentally unfair and an abuse of judicial discretion and denied her due process and equal protection of the law.

In *Bigley and Fleming v. Warden*, 16 Md. App. 1, the issue before us was the refusal of the trial court to admit to bail after conviction, but we mentioned several facets relating to the setting of bail before trial. We observed that the court may not consider other charges pending against an accused, except as provided in Code, Art. 27, § 616½, but must confine its consideration to the particular offense for which bail is sought. We noted, however, that the court may take into account whether or not an accused has previously given bail for other offenses and whether or not he has forfeited that bail. We called attention to, and set out in Appendix A, at 15-17, the "Standards Relating to Pretrial Release" suggested in Tentative Draft No. 9, March 1968 of the American Bar Association Project on Minimum Standards for Criminal Justice. In *Simmons v. Warden*, 16 Md. App. 449, 298 A. 2d 199 (1973), the court set bail at $50,000 pending a third trial after the jury in each of two prior trials of the accused for murder, rape, arson, burglary and robbery had been unable to agree. We found, in

---

2. The people of Maryland declared in Article 25 of the Declaration of Rights, Constitution of Maryland, "That excessive bail ought not to be required, * * *." Amendment VIII to the Constitution of the United States provides that "Excessive bail shall not be required, * * *." The federal guarantee has been held to apply to the states through the fourteenth amendment by various courts in other jurisdictions but not, as yet, by the Supreme Court of the United States. See *Bigley and Fleming v. Warden*, 16 Md. App. 1, at 9 and footnote 4.

holding that the question of excessive bail is not to be resolved "on the basis of the individual's ability or inability to raise a certain sum", that the fact that an accused is unable to post the bail set was not controlling. We observed that an indigent may not be able to post even a nominal bail. We referred to the American Bar Association tentative draft of standards as "suggested factors to be considered in fixing bail" and again so refer to them, believing them to be useful as guidelines. In any event, it is clear that there is no precise formula by which the proper amount of bail may be set, either before or after conviction. Each case must be decided on its own particular circumstances.

We do not know the particular circumstances of the case here before us other than through the bald allegations made in the application for leave to appeal, and we do not deem this to be sufficient.[3] We are unable to determine how the court below arrived at the amount of $150,000. Code, Art. 42, § 20, as we have construed it, *Bigley and Fleming v. Warden, supra,* at 5, footnote 2a, provides that the record on application for leave to appeal shall not include a transcript of the proceedings conducted incident to the habeas corpus petition unless the application is granted, in which event this Court may order the preparation of such a transcript. The statute prescribes that the record shall include "any memorandum of reasons issued by the judge" in reaching his decision in the habeas corpus bail proceeding, but the record before us contains no such memorandum. Maryland Rule Z53 provides that the judge shall file a short memorandum which shall include "the reasons for the action taken" on the application for the writ of

---

3. Hunter alleges in the application: "That she is 22 years of age, the mother of a 5 year old son, and has been employed and resided in the Baltimore Community her entire lifetime. Prior to her confinement, she was to marry and will do so upon her release. * * * That she has never been convicted of a crime * * *. She presents no danger to the community if released and there is no possibility that she will not be available for court appearances."

habeas corpus when the application "* * * is made by or on behalf of a person confined as a result of *sentence* for a criminal offense * * *." (Emphasis supplied). We believe it to be equally essential that the hearing judge file a memorandum which shall include his reasons for the action taken by him in habeas corpus proceedings concerning bail conducted prior to sentence, whether before or after conviction.

We grant the application for leave to appeal without affirming, reversing, or modifying the judgment, and remand the case with direction to the court below to submit a memorandum setting out its reasons for the action taken by it. The record with such memorandum shall be returned to this Court forthwith.

*Application granted; case remanded for further proceedings in accordance with this opinion; costs to abide the final disposition of the case in this Court; mandate to issue forthwith.*