370 F.Supp. 594 (1974)
Troy W. STARKEY, Petitioner,
v.
Harold R. SWENSON, Warden, etc., Respondent.
No. 73 C 779(2).
United States District Court, E. D. Missouri, E. D.
January 8, 1974.
*595 Troy W. Starkey, pro se.
John C. Danforth, Atty. Gen., David Robards, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM AND ORDER
REGAN, District Judge.
By this petition for a writ of habeas corpus petitioner seeks an order having the effect of reducing the amount of his allegedly excessive bail. We issued an order to show cause, pursuant to which a response has been filed.
Petitioner was convicted of the offense of forcible rape in the Circuit Court of St. Louis County, Missouri, and was sentenced to 30 years imprisonment. He thereafter appealed to the Missouri Court of Appeals, St. Louis District. The appeal is now pending. The Circuit Court fixed the amount of the appeal bond at $60,000. Thereafter, petitioner filed a motion in the Circuit Court to reduce the bond to $10,000. After the motion was argued it was overruled. Subsequently, a similar motion was filed in the Missouri Court of Appeals, in which petitioner again requested the bond be reduced to $10,000. In each of the motions, petitioner without amplification, alleged that "it is customary that the sum is set at One Thousand ($1,000) Dollars for each year of the verdict." After the last motion was overruled, petitioner filed in the Supreme Court of Missouri an "application for reduction of bail or in the alternate petition for a writ of habeas corpus." For the first time petitioner alleged that the bail was excessive in violation of the Eighth Amendment and that fixing the bond at $60,000 was an abuse of discretion, and asked that the bond be reduced to $30,000. Nothing was alleged therein as to the alleged "custom" respecting the amount of an appeal bond. The Supreme Court overruled the motion, following which Mr. Justice Blackmun also denied an application for reduction of bail. Petitioner is now confined during the pendency of his appeal.
The "constitutional issues" urged by petitioner are (1) that bail of $60,000 is excessive since it is "customary" to set bail at a thousand dollars for each year of the sentence and petitioner received only a 30-year sentence, (2) that bail of $60,000 is excessive and violative of the Eighth and Fourteenth Amendments, (3) that the failure of the state courts to give supportive reasons for denying a reduction of bail was arbitrary and in violation of due process, (4) that the trial court "arbitrarily" doubled the normal amount of bail pending appeal, thereby denying petitioner liberty without due process and violating the excessive bail clause of the Eighth Amendment, and (5) that by the requirement of an excessive amount of bail without justification and probable cause, he is being denied the equal protection of the laws.
Of these "constitutional issues," the only ones presented to any of the Missouri Courts are (1) that $60,000 bail is excessive by $30,000 in view of the alleged "custom" to set bail pending appeal at $1,000 per year of the sentence received, and (2) that $60,000 bail is excessive under the Eighth Amendment. Hence, petitioner has not exhausted his *596 remedies in the state courts with respect to any of the other "constitutional issues."
We start with the premise that there is no absolute right to bail pending appeal, (cf. e. g. United States ex rel. Fink v. Heyd, 5 Cir., 408 F.2d 7, Bloss v. People of State of Michigan, 6 Cir., 421 F.2d 903, 904) which even the cases cited by petitioner recognize (see, e. g., United States ex rel. Keating v. Bensinger, D.C.Ill., 322 F.Supp. 784 and Maldonado v. Delgado, D.C.P.R., 345 F. Supp. 993).
Under Missouri Supreme Court Rule 28.11 V.A.M.R., a right to bail pending appeal is granted (in all cases except when the sentence is death or life imprisonment) in an amount to be determined by the trial court in its discretion; and if the defendant deems the amount fixed to be excessive, the appellate court having jurisdiction of the appeal (in this case the Missouri Court of Appeals, St. Louis District) is authorized on appeal to fix the amount of the bail (Rule 28.12). Hence, the very narrow question presented is whether the action of the trial court in fixing bail at $60,000 and the action of the appellate courts in declining to reduce the bond in some way violated a federal constitutional right.
It is thus apparent that the amount of bail rests in the sound discretion of the trial court in the first instance and then in the appellate court having jurisdiction of the appeal. In effect, petitioner argues that fixing bail at $60,000 constitutes an abuse of discretion. However, it is clear to us that petitioner is merely attacking the discretionary judgment of the state courts. "Error in discretionary matters of the state court [are] not a violation of due process." Grady v. Iowa State Penitentiary, D.C.Iowa, 346 F.Supp. 681, 683. As stated in Grady, "The due process clause, however, prohibits only such things as the denial of opportunity to be heard, bias on the part of the decision maker, or willful misapplication of statutory standards for granting bail." To the same effect is United States ex rel. Siegal v. Follette, D.C.N.Y., 290 F.Supp. 632, 635.
Petitioner bases his claim of arbitrariness on United States ex rel. Keating v. Bensinger and Maldonado v. Delgado, supra, which held that a state court's denial of bail on appeal, without stating of record the reasons for the decision, creates a presumption of arbitrariness. We agree with the contrary holding in United States ex rel. Kane v. Bensinger, D.C.Ill., 359 F.Supp. 181, to the effect that the burden is on the convicted defendant to show that the state court has acted in an arbitrary fashion and that a presumption of regularity attends the decision on bail. In the present case, petitioner was convicted of the serious offense of forcible rape and was sentenced by the jury to 30 years imprisonment. Thus the state courts could reasonably believe that under all the circumstances bail of $60,000 was reasonable and that petitioner failed to demonstrate an arbitrary action on the part of both the circuit and the appellate court.[1] And the fact remains that petitioner even now is not precluded from making new applications to the state courts setting forth additional pertinent factual considerations and constitutional allegations for consideration by the state courts.
It is our conclusion, based on the only constitutional questions and factual issues as to which petitioner has exhausted his state remedies, he has failed to demonstrate a violation of a constitutional right to a bail lower than that set and approved by the state courts. Accordingly, it is hereby ordered that the petition for a writ of habeas corpus be and the same is hereby overruled.
NOTES
[1] Parenthetically, we note from our long experience on the state bench that there is no "inflexible" custom of fixing or setting bail based on the length of a sentence, and it would appear to us that any such "custom" would in effect abdicate the discretion committed to the Courts.