Leroy JENKINS, Appellant,

v.

James L. HARVEY, as he is Warden of the Kirkland Correctional Institution and the Attorney General of the State of South Carolina, Appellees.

No. 80–6014.

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1980.

Decided Oct. 23, 1980.

F. Lee Bailey, Boston, Mass. (Kenneth J. Fishman; Hugh Beasley, Beasley & Beasley, Greenwood, S. C., on brief), for appellant.

Emmet H. Clair, Deputy U. S. Atty., Columbia, S. C. (Daniel R. McLeod, Atty. Gen., Columbia, S. C., on brief), for appellees.

Before WINTER and SPROUSE, Circuit Judges, and HOFFMAN,* Senior District Judge.

WINTER, Circuit Judge:

Leroy Jenkins appeals the denial of his application for a writ of habeas corpus to obtain bail pending appeal to the Supreme Court of South Carolina of his state court conviction of two counts of conspiracy to commit arson and two counts of conspiracy to commit assault and battery of a high and aggravated nature. After being sentenced to consecutive five–year terms of imprisonment on each of the four counts (with the provision that, upon the service of three years of each count, service of the remaining two years would be suspended and Jenkins would be placed on probation for five

---

* Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of    Virginia, sitting by designation.

years), Jenkins filed a timely notice of appeal. He also made a motion in the state trial court for bail pending appeal. The trial court denied bail on the basis of S.C. Code § 18–1–90,[1] which provides that no bail shall be allowed when the defendant has been sentenced to death or imprisonment for a term exceeding ten years. However, the trial court informed Jenkins that, under the South Carolina Constitution, the state supreme court retained the power to grant bail when § 18–1–90 would otherwise preclude it. *See State v. Whitener*, 225 S.C. 244, 81 S.E.2d 784 (1954). Jenkins then filed a motion for bond in the South Carolina Supreme Court, which, after oral argument, denied it without opinion. Finally, Jenkins filed a petition for a writ of habeas corpus in the district court seeking release on bail pending his state court appeal and any further appeal in the federal courts. The present appeal, authorized by the district court, is from the dismissal of that petition. We affirm.

## I.

Jenkins advances a number of contentions which in his view warrant reversal. He argues that under the state statute, properly construed, he had a right to bail; and even if the statute is construed not to give him a right to bail, the South Carolina Supreme Court abused its discretionary power to admit him to bail in the instant case. Denial of his right to bail and an abuse of discretion to admit him to bail would, in Jenkins' submission, each be denial of due process of law. Another argument is that the state trial court discriminatorily applied the state bail statute to deny him bail and still another that the district court improperly denied Jenkins a full evidentiary hearing so that he could have demonstrated, *inter alia*, that he would not be a danger to the community if admitted to bail. Also, Jenkins argues, he should have been afforded the opportunity to demonstrate that his appeal to the South Carolina Supreme Court was a meritorious one. Finally, Jenkins argues that the state Supreme Court's failure to assign a reason for its denial of bail provides a basis for a successful collateral attack on that denial.

## II.

Most of Jenkins' arguments merit only brief discussion: The question of whether a series of sentences, each for less than ten years, may be aggregated under § 18–1–90 so as to render Jenkins ineligible for bail is a question of state law. However the state courts may interpret § 18–1–90, that interpretation raises no federal constitutional issue for our decision. We therefore conclude that the state court's interpretation of the statute is binding on us. We also think that the denial of bail to Jenkins as a discretionary decision is not assailable and would not justify contrary federal judicial intervention. Jenkins was convicted of four serious and despicable crimes. To deny him bail, as long as those convictions were undisturbed, was no abuse of discretion.

We see no need on the facts of this case for a full evidentiary hearing. The issues are legal and dispositive so that the factual question of his lack of possible danger to the community were he admitted to bail was not reached. Of course, Jenkins' allegation that § 18–1–90 was discriminatorily applied to him would raise a factual question; but since it was not raised in the state supreme court and was raised only belatedly and obliquely in the district court, we decline to consider it.[2] We agree with the

---

1. "Bail shall be allowed to the defendant in all cases in which the appeal is from the trial, conviction or sentence for a criminal offense; except that no bail shall be allowed when the defendant shall have been sentenced to death, life imprisonment or for a term exceeding ten years."

2. In this regard, our affirmance of the district court's decision is without prejudice to Jenkins'

right, if he be so advised, to make a new bail application or to seek another writ of habeas corpus from the district court after he has exhausted his state remedies. *See Turco v. Warden*, 444 F.2d 56 (4 Cir. 1971). We note, however, that, as presented to us, Jenkins' equal protection claim does not appear to rise above the level of a bare allegation.

district court that it should not explore the merits of Jenkins' state appeal.[3]

The one contention which warrants fuller discussion is Jenkins' claim that he is entitled to a writ releasing him from state custody on bail because the failure of South Carolina's highest court to assign reasons for its decision renders it arbitrary per se. Until recently there was a significant body of district court authority,[4] principally in the Second Circuit, for the proposition that a state court's denial of bail pending appeal must be accompanied by a statement of reasons in order to withstand collateral attack. The rationale of the decisions adopting that rule was (and remains in the two cases which have not been overruled) that a statement of reasons is necessary to enable a federal court to determine whether a state court's denial of bail is arbitrary or discriminatory, and to ensure that a habeas petitioner can obtain effective relief when he is entitled to it. As the clear weight of authority now recognizes, however, this rationale cannot justify a federal court's imposition of a requirement that state courts explain their reasons for denying bail pending appeal. *See, e. g., Finetti v. Harris,* 609 F.2d 594 (2 Cir. 1979); *United States ex rel. Walker v. Twomey,* 484 F.2d 874 (7 Cir. 1973); *United States ex rel. Rainwater v. Morris,* 411 F.Supp. 1252 (N.D.Ill.1976); *Natal v. People of Puerto Rico,* 424 F.Supp. 1082 (D.P.R.1975); *Starkey v. Swenson,* 370 F.Supp. 594 (E.D.Mo.1974); *United States ex rel. Kane v. Bensinger,* 359 F.Supp. 181 (E.D.Ill.1972).

Although as a matter of general policy such an explanation, however brief, is both helpful to a reviewing court and one to be encouraged, it is not required by the Constitution. When a federal appellate court sits in review of the bail decision of a federal district court arising out of a federal prosecution, the imposition of a statement–of–reasons requirement is plainly appropriate.[5] But established principles of comity and federalism preclude such a requirement when the bail decision of a state court is collaterally reviewed. *See Arizona v. Washington,* 434 U.S. 497, 517, 98 S.Ct. 824, 836, 54 L.Ed.2d 717 (1978).

■ Accordingly, we adopt the general rule now followed in the Second and Seventh Circuits and decline to require the state courts in this circuit to articulate their reasons for denying bail pending appeal. As we have said, a brief explanation of the reasons supporting such decisions is desirable, especially when those reasons are not readily apparent from the record, because habeas corpus relief must be granted if no rational basis for denying bail pending appeal appears in the record. In the instant case, we agree with the district court that Jenkins' conviction of four conspiracies constitutes a sufficient rational basis to conclude that the courts of South Carolina did not abuse their discretion.

AFFIRMED.

---

**3.** The federal statute governing bail pending appeal, 18 U.S.C. § 3148 provides that the district courts may deny bail if the appeal is frivolous or taken for purposes of delay, but even it does not *require* that bail be granted if the appeal is *bona fide* and raised a substantial question. In addition, when a state court's denial of bail is collaterally attacked, considerations of federalism and comity militate against the sort of scrutiny which Jenkins contends was required in the present case.

**4.** *Finetti v. Harris,* 460 F.Supp. 1069, 1070, (S.D.N.Y.1978), *rev'd in pertinent part,* 609 F.2d 594 (2 Cir. 1979); *Flowers v. Greco,* 445 F.Supp. 979 (S.D.N.Y.1978), *overruled by impli-*

*cation, Finetti v. Harris, supra; Abbott v. Laurie,* 422 F.Supp. 976 (D.R.I.1976); *United States ex rel. Abate v. Malcolm,* 397 F.Supp. 715 (E.D.N.Y.1974), *overruled by implication, Finetti v. Harris, supra; United States ex rel. Bad Heart Bull v. Parkinson,* 381 F.Supp. 985 (D.S.D. 1974); *United States ex rel. Keating v. Bensinger,* 322 F.Supp. 784 (N.D.Ill.1971), *overruled by implication, United States ex rel. Walker v. Twomey,* 484 F.2d 874 (7 Cir. 1973).

**5.** *See generally* Fed.R.App.P. 9, which requires district courts to state their reasons for denying bail in writing.