## FREDERICK A. GILLIS *v.* COMMISSIONER, DEPARTMENT OF CORRECTIONS

[Misc. No. 4, September Term, 1982.]

*Decided June 9, 1982.*

Before GILBERT, C. J., and MORTON and BISHOP, JJ.
Submitted by *J. Bernard McClellan* for applicant.

Submitted by *Stephen H. Sachs, Attorney General,* with whom were *Deborah Handel, Assistant Attorney General,* and *William A. Swisher, State's Attorney for Baltimore City,* for respondent.

GILBERT, C. J., delivered the opinion of the Court.

Although there are some people who believe that persons convicted of a crime should be automatically admitted to bail pending an appellate decision,[1] Maryland has adopted a different standard. In this State, there is no right to bail after a conviction, *Bigley v. Warden,* 16 Md. App. 1, 294 A.2d 141 (1972), nor is there any precise formula, equation, or litmus paper test for the purpose of determining whether bail should be allowed in those circumstances. Each case must stand or fall on its own facts. *Washburn v. Sheriff, Cecil County,* 16 Md. App. 611, 298 A.2d 462 (1973); *Bigley v. Warden, supra.*

The instant case is an application by Frederick A. Gillis, Jr., for leave to appeal from a denial of bail by the Baltimore City Court. From the record before us we learn that Gillis was convicted of a violation of the Controlled Dangerous Substances laws and sentenced to fifteen years imprisonment. His attorney asked that the trial judge set a sum of bail pending the outcome of an appeal. The judge set the penalty of the bail bond at $150,000.

---

1. *See, e.g.,* Justice Douglas' opinion in Harris v. United States, 404 U.S. 1232, 92 S. Ct. 10, 30 L.Ed.2d 25 (1971), wherein he, sitting as a Circuit Judge, said:

"While there is no automatic right to bail after convictions, Bowman v. United States, 85 S.Ct. 232, 13 L.Ed.2d 171 (1964), 'The command of the Eighth Amendment that "Excessive bail shall not be required * * *" *at the very least* obligates judges passing on the right to bail to deny such relief only for the strongest reasons.' *Sellers, [v. United States]* 89 S.Ct. [36] at 38 [21 L.Ed.2d 64 (1968)]."

\* \* \*

"Where an appeal is not frivolous or taken for delay, bail 'is to be denied only in cases in which, from substantial evidence, it seems clear that the right to bail may be abused or the community may be threatened by the applicant's release.' Leigh v. United States, 82 S.Ct. 994, 996, 8 L.Ed.2d 269 (1962)."

We infer from the dialogue between defense counsel and the judge that Gillis was originally released at the time of arrest on a bail of $10,000. Thereafter, the bail was increased by the trial judge to $75,000. Gillis did not post the bail and consequently was jailed prior to and during the trial. When the trial judge set the bail at $75,000 she observed that if Gillis posted the bail she would know that his involvement in the illicit narcotics trade was deep and that would be reflected in the sentence.

After the trial judge learned that Gillis had posted the $150,000 "appeal bond," she, the very next day, held a hearing and revoked bail totally. The judge, during the course of that hearing, said that bail of $150,000 was decided upon the theory that it was well without the reach of the defendant. The judge, complaining that she had been "deceived" by Gillis's failure to post the $75,000 pre-trial bail, stated that, "I told you [the attorney for the defendant] and I told him [the defendant] that I did not feel that this defendant should be released pending his appeal." We think that what the judge was in effect trying to do was to pay lip service to the setting of bail, while at the same time denying it by fixing the amount in a sum well beyond the financial ability of the defendant. When the defendant or his wife arranged for the bail, the judge's plan went awry. The judge, in this case, dangled bail like the "carrot was dangled before the horse." The defendant, however, unlike the horse, reached the carrot, but he discovered it was artificial.

After the trial judge had revoked the bail, the applicant-defendant, filed an application for a writ of habeas corpus (bail) in the Baltimore City Court. The hearing judge, in that court, observed, "[n]o abuse of discretion by the trial court judge" in revoking the appeal bond. We have an entirely different view.

Md. Rule 776 provides that after a conviction, the trial court *may* release a defendant on bail pending appellate disposition. In deciding whether to release a convicted person upon bail, the trial court is required to consider three factors:

1. The seven elements of Md. Rule 721d.[2]
2. That the defendant is not likely to flee the jurisdiction or pose a danger to the safety of other persons or the community.
3. That the appeal is not frivolous or taken solely for the purpose of delaying the execution of the sentence.

If the trial judge, after weighing those three factors, decides that the convicted defendant is entitled to bail pending appellate review, bail may be set in any sum not excessive. On the other hand, if the trial judge concludes that the convicted defendant does not satisfy the three factors, the judge may deny release on bail. The judge, however, should not set a bail in an amount designed to constitute no bail at all. In short, the bail, if allowed, should be reasonable under the circumstances of the particular case. In no event should it be illusory and a mocking of the process.

---

**2.** Rule 721d provides:

"In determining which conditions of release will reasonably assure the appearance of the defendant as required, and on the basis of information available to or developed by it in a pretrial release inquiry, the court shall take into account:

1. The nature and circumstances of the offense charged, the nature of the evidence against the defendant, and the potential sentence upon conviction, insofar as these factors are relevant to the risk of nonappearance;

2. The defendant's prior record of appearance at court proceedings or flight to avoid prosecution or failure to appear at court proceedings;

3. The defendant's family ties, employment status and history, financial resources, reputation, character and mental condition and length of residence in this community and in this State;

4. The recommendation of an agency which conducts the pretrial release investigation;

5. The recommendation of the State's Attorney;

6. The court may consider the danger of the defendant to himself and the person of others in considering whether he should be released on his personal recognizance.

7. Any other factor, including prior convictions, bearing on the risk of a willful failure to appear."

Patently, the trial judge, in the case at bar, found that Gillis did satisfy the three factors or else she should not have authorized the applicant's release on bail in the first instance. Having established a dollar amount of the penalty of a bail bond, it is an abuse of discretion for a judge arbitrarily to revoke the bail once it has been posted. Of course, the judge should revoke the bail if there is some intervening fact brought to his or her attention that indicates the defendant is apt to flee from the jurisdiction, repeat the crime while on bail, or is a danger to himself or to the community.

There is nothing in the record before us that suggests that Gillis is apt to flee, will repeat the crime while on bail, or that he is a danger to himself or the community. We think the trial judge abused her discretion in revoking the bail, and that the Baltimore City Court erred in not so holding. We, therefore, grant the application for leave to appeal, reverse the order of the Baltimore City Court and remand to that court with instructions that it shall order the release of the applicant on bail pending appellate disposition, upon the posting of a bail bond in the amount of $150,000.

> *Application for leave to appeal granted.*
> *Order of the Baltimore City Court reversed.*
> *Case remanded to that Court with instructions.*
> *Mandate to issue forthwith.*