475 A.2d 518

**William Francis HURLEY**

v.

**STATE of Maryland.**

**Misc. No. 22, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

June 6, 1984.

324

William T. Wood, Rockville, for applicant.

Stephen H. Sachs, Atty. Gen., with whom was Andrew L. Sonner, State's Atty., for Montgomery County, for appellee.

Submitted Before GARRITY, ADKINS and BLOOM, JJ.

ADKINS, Judge.

As former Chief Judge Orth has pointed out, "[i]t is ... clear that habeas corpus is a means of seeking relief from the refusal of a judge to admit a person to bail or from the judge's determination requiring an allegedly excessive bail." *Washburn v. Sheriff,* 16 Md.App. 611, 612, 298 A.2d 462 (1973). In the absence of any reported appellate decision in this State, it is not "clear" whether the habeas judge must accord a full *de novo* hearing as to those issues. That is the principal question in this case. It is brought to us via William Francis Hurley's application for leave to appeal from the denial of habeas corpus relief. Courts and Judicial Proceedings Art., § 3–707. We deny the application because we hold that the habeas judge did not err in refusing to grant a *de novo* hearing after the writ of habeas corpus had issued pursuant to Hurley's petition.

*Facts*

In the Circuit Court for Montgomery County (Sanders, J., and a jury) Hurley was convicted of manslaughter of his wife. He was sentenced to imprisonment for ten years. He appealed; the appeal is pending in this court. *Hurley v. State*, No. 185, Sept. Term, 1984. He also requested the trial court to set bail pending appeal. Md.Rule 776. After an evidentiary hearing, Judge Sanders declined to do so. Hurley filed a petition for writ of habeas corpus which was denied without a hearing. An amended petition was also denied without a hearing. Hurley applied for leave to appeal from that denial. In an unreported per curiam opinion citing *Washburn v. Sheriff, supra,* we granted leave to appeal and in the words of *Washburn,* 16 Md.App. at 611, 298 A.2d 462, directed the lower court "to issue the writ [habeas corpus—bail] forthwith, make the required inquiry, and determine the propriety of the relief (bail pending appeal) sought." *Hurley v. Director,* Misc. No. 1 (Bail), Sept. Term, 1984 (March 21, 1984).

The writ thereupon issued and on April 26, 1984, the matter came on for hearing before Judge John McAuliffe. Hurley had on hand ten witnesses and some documentary evidence not presented to Judge Sanders at the initial hearing on his request for bail pending appeal. Judge McAuliffe refused to consider any new evidence. He ruled:

> The scope of this proceeding is to examine the proceeding before Judge Sanders to determine whether Judge Sanders abused his discretion.

> More specifically, this is not a de novo consideration of whether the defendant should be admitted bail pending appeal.

He then proceeded to review the information that had been before Judge Sanders and applied to it the criteria prescribed by Chief Judge Gilbert in *Gillis v. Commissioner,* 52 Md.App. 26, 446 A.2d 77 (1982) and by Judge Gilbert in *Bigley v. Warden,* 16 Md.App. 1, 294 A.2d 141 (1972). Although Judge McAuliffe found many of those standards

were favorable to Hurley's position, he also observed that Judge Sanders had heard testimony of threats made by Hurley—threats that amounted to Hurley's saying "I'll get you after the trial is over"—threats never denied by Hurley. He noted, too, that while many people had written Judge Sanders on Hurley's behalf (some fifty-two letters are in the record) others had written "indicating that Mr. Hurley, in fact, had been violent, had done physical damage to others, and those letters expressed the fear that those individuals had ... were he to be released."

Judge McAuliffe noted as well, that factors such as Hurley's good health and the length of his sentence did not weigh in favor of Hurley's release on bail pending appeal. He carefully reviewed Judge Sanders's February 22, 1984, order denying bail and held that Judge Sanders had not abused his discretion in doing so. On April 26 he signed an order denying Hurley's "request to be released subject to conditions for further appearance...." This application for leave to appeal followed.

## Discussion

In Maryland a convicted defendant has no right to bail pending appeal. *Gillis v. Commissioner* and *Bigley v. Warden,* both *supra.* Nevertheless, "a defendant may be released subject to conditions for further appearance in the discretion of the trial court", "trial court" being defined as, ordinarily, "the judge who presided at the trial". Md.Rule 776 a. Whether the trial judge abused his discretion in denying post-conviction bail pending appeal is a question that may be determined by way of a petition for habeas corpus. *Whiteley v. Warden,* 258 Md. 634, 267 A.2d 150 (1970); *Long v. State,* 16 Md.App. 371, 297 A.2d 299 (1972); *Washburn v. Sheriff;* and *Bigley v. Warden,* both *supra.*

These cases emphasize, as does Rule 776, that the post-conviction bail decision is primarily one for the trial judge. Whether he has abused his discretion in that regard must be determined on the information presented to him

both in the course of the trial and at a subsequent hearing on a request for bail pending appeal. It is not to be determined at a habeas corpus hearing on the basis of new evidence not presented to the trial judge. Although we did not say so explicitly, we appear to have recognized that principle implicitly in *Lewis v. Warden*, 16 Md.App. 339, 341–342, 296 A.2d 428 (1972). There we denied an application for leave to appeal saying:

> We assume that ... Judge Sklar [the habeas judge] was made aware of the information that was before Judge Ross [the trial judge] when Judge Ross imposed sentence, and when he set bail pending appeal. We have reviewed that information.

The reasons for the rule we now make explicit are well stated by Judge Jones, writing for the Court of Appeals of New York. That state, like Maryland, permits no appeal from a trial judge's denial of bail, but allows review of the trial judge's decision by petition for habeas corpus. In *People ex rel. Rosenthal v. Wolfson*, 48 N.Y.2d 230, 422 N.Y.S.2d 55, 397 N.E.2d 745 (1979),[1] the New York court explained:

> ... [T]he function of the habeas corpus court is one of collateral review of the determination of the nisi prius court; is a second stage re-examination. The habeas corpus court is not to "examine the bail question afresh" or to make a *"de novo* determination of bail...." The writ of habeas corpus affords an opportunity under constitutional and historical aegis for re-examination of a non-appealable order fixing or denying bail—no more, no less. [citation omitted].

422 N.Y.S.2d at 56, 397 N.E.2d at 746.

Because this review of the bail determination of the trial court is limited, although significant,

---

1. In Wolfson the issue was pretrial and not post-conviction bail, but for purposes of this case we think that is a distinction without a difference.

the habeas corpus court must of necessity be limited to consideration of the propriety of that determination in the light of the record on which it was made. To receive new evidence would be both to frustrate the integrity of the review function and to undertake a *de novo* bail determination. This a habeas corpus court may not do.

*Id.*

We hold, therefore, that Judge McAuliffe did not err in refusing to conduct a *de novo* trial on Hurley's petition for habeas corpus. We point out, however, that habeas corpus may be sought for many purposes—*e.g.* on the basis of the unconstitutionality of a law or of specific procedures. Courts and Judicial Proceedings Art., § 3–706. *See Bell v. Warden*, 218 Md. 666, 146 A.2d 56 (1958). Under some circumstances, the habeas court may be required to hold a full evidentiary hearing. Our holding is limited to habeas corpus following the denial of bail or a refusal to reduce the amount of allegedly excessive bail when the trial judge has held a full hearing on the bail issue.

On the basis of the record before us, we further hold that Judge McAuliffe did not err in concluding that Judge Sanders had not abused his discretion in refusing to admit Hurley to bail pending appeal. If Hurley has new evidence to present on this question, it should initially be presented to Judge Sanders under Md.Rule 776.

APPLICATION FOR LEAVE TO APPEAL DENIED.