865 F.2d 1259
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eric Lee RAGSDALE, Petitioner-Appellant,
v.
STATE OF SOUTH CAROLINA, Respondent-Appellee.
 No. 88-6764.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 7, 1988.
Decided: Jan. 3, 1989.
 
 Eric Lee Ragsdale, appellant pro se.
 Frank Louis Valenta, Jr. (Office of the Attorney General), for appellee.
 Before SPROUSE, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Eric Lee Ragsdale was convicted in 1986 of attempted criminal sexual conduct in the first degree and was sentenced to a term of 21 years imprisonment. Ragsdale now seeks to appeal the judgment of the district court denying his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. Sec. 2254, to obtain bail pending appeal to the Supreme Court of South Carolina of his state conviction. In his petition Ragsdale contended that the state supreme court's refusal to release him on bail was arbitrary and unconstitutional. We deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 Under S.C.Code Ann. Sec. 18-1-90[1] bail is not allowed when the defendant has been sentenced for a term of imprisonment in excess of ten years. The Supreme Court of South Carolina, however, retains power under the South Carolina Constitution to grant bail to such applicants. See State v. Whitener, 225 S.C. 244, 81 S.E.2d 784 (1954). Ragsdale petitioned for bail to the Supreme Court of South Carolina under its discretionary power to release him notwithstanding the statutory provision. The state supreme court denied his application for bail without articulating its reasons.
 
 
 3
 In Jenkins v. Harvey, 634 F.2d 130 (4th Cir.1980), this Court reviewed a district court's denial under 28 U.S.C. Sec. 2254 of a petitioner's application for bail pending appeal of his criminal conviction pending in the Supreme Court of South Carolina. In Jenkins, as here, the South Carolina Supreme Court, in exercise of its discretion, denied the application for bail without opinion. We held "that the denial of bail to Jenkins as a discretionary decision is not assailable and would not justify contrary federal judicial intervention." 634 F.2d at 131. We noted further that Jenkins had been convicted of serious crimes and that as long as those convictions were undisturbed, there was no abuse of discretion in denying the application for bail. Id.
 
 
 4
 Although "a brief explanation of the reasons supporting [a decision to deny bail] is desirable, especially when those reasons are not readily apparent from the record, because habeas corpus relief must be granted if no rational basis for denying bail pending appeal appears in the record," id. at 132, we believe that the seriousness of the offense for which Ragsdale was convicted and the length of incarceration imposed for that conviction constituted a sufficient rational basis to conclude that the South Carolina Supreme Court did not abuse its discretion.
 
 
 5
 Accordingly, because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the resolution of the issues, we dispense with oral argument, deny a certificate of probable cause to appeal, and dismiss the appeal.
 
 
 6
 DISMSSED.
 
 
 
 [1]
 S.C.Code Ann. Sec. 18-1-90, reads: Bail shall be allowed to the defendant in all cases in which the appeal is from the trial, conviction or sentence for a criminal offense; except that no bail shall be allowed when the defendant shall have been sentenced to death, life imprisonment or for a term exceeding ten years