Dear Joseph F. Vallario
You have requested our opinion on the authority of a District Court judge to refuse to stay service of sentence for a criminal conviction pending the defendant's appeal to the circuit court. You have expressed concern that a defendant who is denied a stay in a criminal case may complete a sentence of imprisonment before the appeal is heard.
In our opinion, a District Court judge may grant a stay of a sentence of imprisonment and release the defendant pending appeal, but is not required to do so. A defendant who is denied a stay by the District Court may also seek release pending appeal and request a stay from the circuit court. However, the circuit court also has discretion to deny that request.
 I Appeal of District Court Conviction
The State Constitution provides that "[t]he District Court shall have the original jurisdiction prescribed by law." Maryland Constitution, Article IV, § 41A. The General Assembly has granted the District Court criminal jurisdiction over certain enumerated cases. For example, subject to some exceptions, the District Court has exclusive original jurisdiction in criminal cases involving, among other offenses, misdemeanors and violations of the vehicle laws. See generally Annotated Code of Maryland, Courts and Judicial Proceedings Article ("CJ"), § 4-301; see also CJ § 4-302 (subject to some exceptions, District Court does not have jurisdiction to hear felony cases).
A defendant who is convicted in the District Court has the right to appeal that conviction to the circuit court. CJ §§ 12-401(b)(2) and12-403. The appeal is to be heard de novo.[1] CJ § 12-401(f). The District Court conviction remains in effect pending the appeal until it is superseded by the judgment of the circuit court or a disposition bynolle prosequi or stet is entered in the circuit court. See Maryland Rule 7-112(b).
The filing of an appeal of a criminal conviction ordinarily stays any sentence of imprisonment if a court releases the defendant pending that appeal. See Rule 4-348(b).[2] A court may stay any other sentence upon whatever terms it deems appropriate pending appeal. Rule 4-348(d).
 II Release of Defendant Pending Appeal
A. Judicial Discretion to Grant Release Pending Appeal
Under State law, a convicted defendant is not entitled to bail pending an appeal. See Hurley v. State, 59 Md. App. 323, 327, 475 A.2d 518
(1984).[3] Nor does the United States Constitution guarantee a criminal defendant a right to bail pending appeal from a conviction. See, e.g., Brown v. Wilmot, 572 F.2d 404, 405 (2nd Cir. 1978); Pulaski v. Hopkins, 745 F. Supp. 882, 885 (E.D.N.Y. 1990).[4]
Most state constitutions have been held not to guarantee a right to be released pending appeal. See Annotation, Right of defendant in statecourt to bail pending appeal from conviction, 28 A.L.R.4th 227 (1984, 2007 Supp). Thus, the decision whether to release a convicted defendant pending appeal is entrusted to the court's discretion. In Maryland, the court's exercise of that discretion is guided by the Maryland Rules.
B. Release by District Court
Rule 4-349 directs the District Court how to exercise its discretion whether to release a defendant pending appeal. Under Rule 4-349(a), the District Court may release the defendant after conviction and pending exhaustion of any appeal, subject to any conditions the court finds appropriate. The District Court is to consider the same factors that govern pretrial release as well as whether the appeal appears to be frivolous or taken for the purposes of delay. Rule 4-349(b).[5] The defendant has the burden of establishing that he or she will not flee or pose a danger to any other person or the community. Id.[6]
The District Court may impose different or greater conditions of release than it imposed pretrial. Rule 4-349(c).[7] In Bigley v.Warden, Md. Correctional Institution for Women, 16 Md. App. 1, 11,294 A.2d 141 (1972), the Court of Special Appeals explained that a trial judge may be less willing to release a defendant after conviction than before trial because of "the underlying principle that bail should be granted only when it is uncertain whether the accused is guilty or innocent of the crime charged, and that such uncertainty is removed by conviction . . . ." (quoting 4 Wharton's Criminal Law and Procedure
§ 1824 at 667-68). Another reason for denying bail after conviction is that "the probability of ultimate punishment is so enhanced that the accused is much more likely to attempt to escape if liberated on bail than before conviction." Id. Ultimately, the decision whether to release the defendant after conviction is a matter of the trial court's discretion based on a consideration of the relevant factors.Id. at 14-15.
C. Release by Circuit Court
If the District Court denies a defendant's request for release pending appeal and a stay of sentence, the defendant may seek review of that decision in the circuit court while the appeal is pending. Rule 7-111; Rule 8-422(c).[8] A defendant may also seek review of the District Court decision by filing a habeas corpus petition. CJ § 3-702(a).[9]
In response to such a petition, the circuit court has discretion to authorize the release of the defendant on bail. CJ § 3-704(c)-(d). If the circuit court refuses to grant such relief, the defendant may seek further review by the Court of Special Appeals. CJ § 3-707.[10]
D. Summary
In some cases, denying a criminal defendant a stay of the sentence imposed in the District Court will result in the defendant's serving the sentence before the appeal is heard by the circuit court. But this result will ordinarily occur only after the defendant has an opportunity to seek release pending appeal from each of those courts and perhaps from the Court of Special Appeals.[11]
 III Conclusion
In our opinion, a District Court judge may grant a stay of a sentence of imprisonment and release the defendant pending appeal, but is not required to do so. A defendant who is denied a stay by the District Court may also seek release pending appeal and request a stay from the circuit court. However, the circuit court also has discretion to deny that request. In some instances, a defendant denied a stay may complete his or her sentence before the merits of the appeal is heard by the circuit court.
Douglas F.Gansler
Attorney General
Mark J. Davis
Assistant Attorney General
Robert N. McDonald
Chief Counsel
Opinions and Advice
[1] An appeal in a criminal case may be taken from the District Court to a circuit court on the record only by the State from a judgment granting a motion to dismiss, or quashing or dismissing a charging document, see CJ §§ 12-401(b)(1), 12-401(c), and "in any case in which the parties so agree," CJ § 12-401(f). See Divver v. State, 356 Md. 379,385, 739 A.2d 71 (1999).
[2] Rule 4-348(b) states that the filing of an appeal stays a sentence of imprisonment "during any period that the defendant is released pursuant to Rule 4-349, unless a court orders otherwise pursuant to section (d) of that Rule." Rule 4-349(a)-(c) concerning the decision to release a defendant pending appeal are discussed in Part II of this opinion. Rule 4-349(d) authorizes the court, on motion of any party or on its own initiative and after notice and opportunity for hearing, to amend the order of release. If the court decides to detain the defendant, the court is to state its reasons in writing or on the record.
[3] While Article 25 of the Declaration of Rights of the Maryland Constitution protects against "excessive bail," the Court of Appeals has not construed this provision in the context of post-conviction conditions of release.
[4] While neither the right to equal protection nor due process is implicated by a state's refusal to provide a right to bail pending appeal, a state that creates a right to bail may not arbitrarily deny it. See, e.g., Hinspeter v. Senkowski, 194 Misc. 2d 302,752 N.Y.S. 2d 821 (2002). The Fourth Circuit has held, consistent with "the clear weight of authority," that a state court need not explain its reasons for denying bail pending appeal to withstand a collateral attack on constitutional grounds. See Jenkins v. Harvey, 634 F.2d 130, 132 (4th Cir. 1980).
[5] Rule 4-349(b) contains a cross-reference to Rule 4-216(e), which concerns pretrial release, concerning the "factors" the court is to consider in setting any conditions of release. However, those factors are actually set forth in Rule 4-216(d).
An earlier version of Rule 4-349(b) accurately cross-referenced the factors for pretrial release set out in an earlier version of Rule 4-216(d), then codified as Rule 4-216(f). See Maryland Rules (1998). A 1998 revision of Rule 4-216 shifted the list of factors from subsection (f) to subsection (e). See 25:2 Md. Reg. 57 (January 16, 1998); 25:14 Md. Reg. 1100 (July 2, 1998). However, no conforming change was made in the cross-reference in Rule 4-349(b). There is no indication in the rules orders of the Court of Appeals or in the proceedings of the Rules Committee that this change was anything other than an oversight. That oversight has been carried forward in later revisions of the rules, under which the list of factors moved to subsection (d). The Rules Committee may wish to consider whether to propose an amendment of this cross-reference in Rule 4-349(b).
[6] By comparison, under the Bail Reform Act of 1984, 18 U.S.C. §§ 3141et seq., which governs release or detention decisions in federal courts, there is a presumption against release pending appeal. See "Georgetown Law Journal Annual Review of Criminal Procedure, June 2006," 35 Geo. L.J. Ann. Rev. Crim. Proc. 305, 319-20 (2006). Once a defendant is convicted, the court must order detention unless the defendant shows by "clear and convincing evidence" that he or she is not likely to flee or pose a danger to any person or to the community, and the court finds that the appeal is not for the purposes of delay and raises "a substantial question of law or fact." See 18 U.S.C. § 3143(b).
[7] The rule further provides:
 . . . When the defendant is released pending any appellate review, the condition of any bond required by the court shall be that the defendant prosecute the appellate review according to law and, upon termination of the appeal, surrender to serve any sentence required to be served or appear for further proceedings as directed. The bond shall continue until discharged by order of the court or until surrender of the defendant, whichever is earlier.
Md. Rule 4-349(c). See also Annotated Code of Maryland, Criminal Procedure Article ("CP"), § 5-207(b) (defendant must post a bond on appeal if the sentencing judge so orders).
[8] Rule 7-111 incorporates the procedures set forth in Rules 8-422, 8-423, and 8-424 for stay of enforcement of judgment with respect to appeals from the District Court. Rule 8-422(b) recites that a stay of enforcement of a judgment in a criminal proceeding is governed by Rule 4-349, which, as indicated in the text above, authorizes the trial judge to determine whether to release a defendant after conviction. Rule 8-422(c) provides that the appellate court — in this case, the circuit court — may modify the trial court's decision. See also Rule 7-111 (in the context of an appeal from the District Court, references in Rule 8-422 to Court of Special Appeals "shall be regarded as references to the circuit court . . .").
[9] At one time, a habeas corpus petition was the sole means of attacking an adverse bail determination by a trial court. See Droney v.Droney, 102 Md. App. 672, 682, 651 A.2d 415 (1995) ("[W]e have repeatedly held, in the context of Rule 4-349, that the denial of bail pending appeal may be attacked only collaterally by filing a petition for habeas corpus") (emphasis in original); Hurley v. State,59 Md. App. 323, 327, 475 A.2d 518 (1984); Long v. State, 16 Md. App. 371,297 A.2d 299 (1972). A 2002 amendment of Rule 8-422, however, provided for direct review. See 151st Report of the Standing Committee on Rules of Practice and Procedure, Reporter's Note, 29:16 Md. Reg. 1252 (August 9, 2002).
[10] The circuit court is likely to give considerable deference to the decision of the District Court. See Bigley, 16 Md. App. at 14-15 (abuse of discretion applies to review of decision to grant or deny bail pending appeal in habeas proceeding); Hurley, 59 Md. App. at 329 (abuse of discretion standard applies to habeas challenge to post-conviction denial of bail).
[11] If the defendant prevails on appeal, the defendant is entitled to have his or her criminal record expunged. See CP § 10-105(a)(1) (providing that person who is acquitted may petition for expungement of criminal record); Jones v. State, 61 Md. App. 94, 96, 484 A.2d 1050
(1984) (defendant who served entire 89-day sentence for contempt during pendency of appeal is entitled to exoneration); see also Annotated Code of Maryland, State Finance Procurement Article, § 10-501 (Board of Public Works may grant compensation to individual who has been erroneously convicted and confined and who has received a pardon). *Page 127