Bkeitbl, J.
This appeal requires a review of this court’s ■holding and reasoning in People ex rel. Shapiro v. Keeper of City Prison (290 N. Y. 393). The issue is the scope of review in a habeas corpus court of the action of a court at nisi prius in a criminal matter denying or fixing the amount of bail before a *499 trial. Critical to resolution of the issue are, on the one hand, the nonappealability of the action of the nisi prius court in denying or fixing of bail, and on the other hand the reviewability in a habeas corpus proceeding, under State, and possibly Federal[1] standards, of bail action by reason of the constitutional inhibitions against excessive bail (N. Y. Const., art. I, § 5; U. S. Const., 8th Amdt.).
Relator Klein had been held without bail by the County Court following his apprehension under a 1969 indictment for a 1967 robbery, kidnapping, and other related crimes, charging him and his alleged conspirators with a particularly serious and involved offense. He had a criminal record and there was reason to believe that the victim of the crime and potential witnesses in the case might be in danger of intimidation or injury. The victim had been a reluctant complainant. After the denial of bail, which was not, as noted, an appealable matter, relator instituted a habeas corpus proceeding in Supreme Court. The writ was dismissed, but on appeal to the Appellate Division that court reversed and allowed bail in the amount of $125,000, holding that there had been an abuse of discretion.
It is concluded that the order of the Appellate Division should be affirmed and that in a habeas corpus proceeding the court may review the action of the denial of bail or the fixing of the amount of bail if it appears that the constitutional or statutory standards inhibiting excessive bail or the arbitrary refusal of bail are violated.
Although the court has previously held that the State constitutional guarantee against excessive bail does not require that bail be given as of right in all noncapital cases (People ex rel. Fraser v. Britt, 289 N. Y. 614, discussed in People ex rel. Shapiro v. Keeper of City Prison, supra, at p. 397) the guarantee certainly requires that legislative provisions must, to satisfy constitutional limitations, be related to the proper pur *500 poses for the detention of defendants before conviction, as must the judicial applications of discretion authorized by the Legislature. (See Foote, The Coming Constitutional Crisis in Bail, 113 U. of Pa. L. Rev. 959, 1125 [1965], especially at pp. 965 to 989, for a valuable review of the English and colonial experience, as well as an analysis of current thinking on the Federal and perforce New York’s all but identical constitutional bail guarantee.)
The statutory bail system provides in its several categories both for mandated disposition of bail applications and the exercise of a broad discretion. Under the Code of Criminal Procedure, bail is available as of right in cases of misdemeanor, and as a matter of discretion in felony cases (Code Crim. Pro., § 553). Bail for certain serious crimes may be granted .only by a Justice of the Supreme Court or a Judge of the County Court where the defendant is charged (Code Crim. Pro., §§ 552, 55-7). The effective right to bail after conviction is markedly limited, not only because it is prohibited in the cases of certain recidivists (Code Crim. Pro., § 555, subd. 2; see People v. Wirtschafter, 305 N. Y. 515, 520-521), but also because review of discretion in the denial of a certificate of reasonable doubt is unobtainable (see People ex rel. Epton v. Nenna, 25 A D 2d 518, mot. for Iv. to app. withdrawn 17 N Y 2d 422).
It is not very helpful to attempt to categorize the cases or analyze the extent of reviewability under the familiar rubric of abuse of discretion. The term in this particular area of law is just too elastic and f ollows too easily upon a conclusion previously reached. It has been said that the discretion is “judicial,” not “pure or unfettered” and that “ [t]he case calls for a fact determination, not a mere fiat ” (People ex rel. Lobell v. McDonnell, 296 N. Y. 109, 111). It has also been said that discretionary exercise must not be “ improvident ” (Matter of Jacobsen, 278 App. Div. 945).
To be sure, the determination of the bail-fixing court will not be overturned unless there is the ‘ ‘ invasion of constitutional right,” and not a “ difference of opinion ” (People ex rel. Rao v. Adams, 296 N. Y. 231, 234; People ex rel. Richards v. Warden of City Prison, 277 App. Div. 87, 89). The court held ip the Shapiro case {supra), that a habeas corpus court in a collateral proceeding may not review the action of the criminal court as *501 if it could examine the bail question afresh. It sits not as a reviewing appellate court and it would be particularly incongruous for a co-ordinate Special Term of the Supreme Court to oversee the criminal court.[2] The disapproval of such a de novo determination of bail in collateral proceedings is based on strong practical reasons (see People ex rel. Rothensies v. Searles, 229 App. Div. 603, 604-605). Nor is the Appellate Division entitled to review the criminal court’s otherwise nonappealable determination merely because its jurisdiction is invoked in a habeas corpus proceeding, although the incongruity is not as apparent and the practical consequences not as disturbing as in the case of Special Term.
Nevertheless, although the reasoning in the Shapiro case forbids properly “ a backhanded way and under other forms * * * the equivalent of an appeal, as to matters of discretion as well as matters of law ” (290 N. Y;, at p. 399), the court also recognized .that a matter of law arises on the issue of excessive bail. Indeed, there is a constitutional issue of law that cannot be blinked by saying that an exercise of discretion is involved. In the first place, constitutional limitations are present, as is the constitutional access to habeas corpus (N. Y. Const., art. I, § 4), and these perforce override any statutory distributions of judicial power or appealability. Secondly, even where an exercise of discretion is operative there must, as a matter of law, be underlying facts which will support that exercise either in denying bail or fixing the amount of bail.
Factors to be considered in the discretionary denial or granting of bail include: "The nature of the offense, the penalty which may be imposed, the probability of the willing appearance of the defendant or his flight to avoid punishment, the pecuniary and social condition of defendant and his general reputation and character, and the apparent nature and strength of the proof as bearing on the probability of his conviction ” (People ex rel. Gonzalez v. Warden, 21 N Y 2d 18, 25, cert. den. 390 U. S. 973, citing People ex rel. Lobell v. McDonnell, supra, at p. 111 and Stack v. Boyle, 342 U. S. 1, 8 [Jackson, J., concurring]).
*502 In this case the only critical support actually offered for the denial of bail is not danger of flight (although the nisi prius court spoke in those terms), but rather the danger to potential witnesses. The habeas corpus hearing suggests this strongly. The fatal trouble with that ground is, considering the conspiratorial nature of the alleged crime and its perpetrators, that it is not rational to believe that the witnesses would be safer if the 60-year old relator, long-time resident in his community, and a grandfather, steadily employed, were kept in prison. If witness-tampering is the risk in this case, the direct actor in such witness-tampering would not have to be and would not likely be the one man at whom the finger of guilt would be poised immediately. This is not to say that in other cases, differently circumstanced, the risk of witness-tampering by the imprisoned relator is not reasonably inferable.
It is for this reason that the Appellate Division properly fixed bail instead of allowing the denial of bail, and yet it is by reason of the other elements in the case that it fixed the bail as high as it did, and, as a matter of discretion, could have fixed it even higher. There was ample suggestion that relator was in a position to put up high bail and the nature of the crime, relator’s background, and the other information available, all required special precautions for a bail-fixing court to consider. The Appellate Division was entitled to exercise this discretion because the nisi prius court had denied bail, under the circumstances, for impermissible reasons.
At the risk of some repetition but with the hope of making the demarcations clearer the following should be said.
Within constitutional limits the nisi prius criminal court has the sole nonreviewable discretion to fix or deny bail. That is the teaching of the Shapiro case and that teaching is reaffirmed. A habeas corpus court is, however, functioning under constitutional mandates both as to availability of the proceeding, collateral though it be, and as to the limitations on excessive bail. That court may not substitute itself for the criminal court; and the Appellate Division will be, as the Appellate Division was in the Shapiro case itself, diligent to prevent improper co-ordinate review and court-shopping by defendants in criminal matters. Only if the criminal court’s bail action is not supportable may the habeas' corpus court modify or undo the criminal court’s *503 determination on bail. The habeas corpus court, for constitutional reasons at the very least, may not escape the responsibility of reviewing the action of the bail-fixing court. To this extent, but only to this extent, its review is plenary. That responsibility of review is not avoided or even limited by treating the problem in terms of discretion or abuse of discretion.
Finally, no procedural or jurisdictional problem intervenes if only because the constitutional mandates both as to habeas corpus and bail are paramount and controlling over any statutory distribution of judicial power, appealability, and review-ability. With the issue thus analyzed the Shapiro case is not inconsistent, and is, indeed, supportive of the views expressed.
Accordingly, the order of the Appellate Division should be affirmed.

. Although the United States Supreme Court has not applied the bail guarantee of the Eighth Amendment to the States as it has the prohibition of cruel and unusual punishment (Robinson v. California, 370 U. S. 660) there is authority in the lower courts for such a conclusion (see Pilkinton v. Circuit Court of Howell County, Missouri, 324 F. 2d 45 [8th Cir.]; compare United States ex rel. Hyde v. McMann, 263 F. 2d 940, 943 [2d Cir.], cert. den. sub nom. United States ex rel. Hyde v. La Vallee, 360 U. S. 937, with United States ex rel. Covington v. Coparo, 297 F. Supp. 203 [S.D.N.Y., 1969; Weineeld, J.]).

. But see, for an interesting variation involving the Supreme Court’s power in the City of New York to review the fixing of bail by a committing Magistrate (Code Crim. Pro., § 22, subd. 8, as amd. by L. 1962, ch. 692, § 3).