■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STUART HOLTZMAN, on Behalf of DOMINGO NUNEZ, Also Known as DOMINGO ZAYAS, Appellant, v BENJAMIN MALCOLM, Respondent.—Judgment, Supreme Court, Bronx County, rendered October 30, 1975, denying and dismissing relator Nunez's application for a writ of habeas corpus and the fixing of bail, unanimously affirmed, without costs and without disbursements. Nunez was indicted in 1972 and charged with the crimes of attempted murder and possession of a weapon as a felony. He was released on bail of $1,500 and on February 6, 1973 he pleaded guilty before Bloustein, J. to the crime of reckless endangerment in the first degree in satisfaction of all counts in the indictment. Nunez was permitted to remain at liberty on bail pending sentence, but on March 16, 1973 failed to appear for sentence. A bench warrant was issued. It appears that Nunez had fled to Puerto Rico where he remained employed and free of legal problems until the bench warrant was executed in 1975. On October 22, 1975, Nunez appeared before Justice Bloustein who remanded him without bail pending sentence, scheduled for December 5, 1975. Nunez brought a writ of habeas corpus seeking a review of denial of his application for bail pending sentence, which application was denied with the observation that bail could not be set without Nunez's being brought back before Justice Bloustein. In effect, the court entertaining the habeas corpus application viewed examination of the merits as a form of appellate review of a Justice of co-ordinate jurisdiction. This was error. Prior to "judgment" (imposition and entry of the sentence as delineated in CPL 1.20 [subd 15]) a court on a habeas corpus application must examine the bail question anew *(People ex rel Klein v Krueger,* 25 NY2d, 497). After judgment, habeas corpus does not lie *(People ex rel. Epton v Nenna,* 25 AD2d 518). However, while the Supreme Court erred in failing to consider the bail question, the matter is academic since sentencing is set for December 5, 1975. Cognizance must also be taken of the fact that Nunez did jump bail by fleeing to Puerto Rico. Concur—Stevens, P. J., Kupferman, Lupiano, Lane and Nunez, JJ.