George A. Reed, J.
The defendant was arrested on May 14, 1977, on a charge of driving while intoxicated. He was taken that evening to the county jail. The following day he was fingerprinted and released. The prints were sent to the Division of Criminal Justice Services on May 20, and a report of the defendant’s prior criminal record was returned to the Sheriff’s office on May 31. Because of defendant’s prior conviction of driving while intoxicated in July, 1976, the case was presented to a Grand Jury and this indictment was one of many included in a report to this court on July 27, 1977. The District Attorney scheduled the case for arraignment on the felony indictment for August 10, 1977, and the defendant voluntarily appeared with counsel on that date. Immediately after the arraignment, the defendant entered a plea of not guilty and asked for release under bail. This court then advised that it had not been furnished with a report of the defendant’s prior criminal record as required by CPL 530.40.
*232 CPL 160.10 establishes the duty of the police with regard to fingerprinting of arrested persons. CPL 160.20 directs that the prints must be sent to the Division of Criminal Justice Services without unnecessary delay. That division, in turn, must search its records and promptly transmit a report to the forwarding officer or agency. (CPL 160.30.) Finally, the local agency is mandated to transmit promptly a copy of the report to the District Attorney of the county. (CPL 160.40.)
With respect to admission on bail, CPL 530.40 (subd 4) provides: "a superior court may not order recognizance or bail when the defendant is charged with a felony unless and until the district attorney has had an opportunity to be heard in the matter and such court has been furnished with a report as described in subparagraph (ii) of paragraph (b) of subdivision two of section 530.20”.
The report referred to is the report of the fingerprint check by the Division of Criminal Justice Services or a local police department report as to the defendant’s prior criminal record.
While there is no constitutional guarantee of the right to be admitted to bail in New York (People ex rel. Klein v Krueger, 25 NY2d 497, 499), nonetheless the constitutional prohibition of deprivation’of liberty without due process is applicable to bail procedures. Due process relates to procedures as well as substance. (9 NY Jur, Constitutional Law, § 329.) A law or a procedure may be unconstitutional from the way it operates and the effect it has. (16 Am Jur 2d, Constitutional Law, § 150.) Likewise, a law or procedure may be unconstitutional because of the way it is administered. (16 Am Jur 2d, Constitutional Law, § 151.) A law which is constitutional as to one matter may violate the Constitution when applied to another. (Federation of Labor v McAdory, 325 US 450; Watson v Buck, 313 US 387.)
In the present case, the court finds that the following periods of delay occurred. First, five days from the time the prints were taken until they were sent to the Division of Criminal Justice Services. Second, 11 days until the return of the report to the Sheriff’s department. Third, 10 more days from the receipt of the report to the arraignment. In all, 26 days elapsed and the report has not been transmitted to the District Attorney. To refuse to admit the defendant to bail because of the lack of a report on the facts in this case would be to deprive him of his liberty without due process of law.
*233 Accordingly, the defendant must be released although the report has not been furnished to the court.