OPINION OF THE COURT
Jones, J.
Except possibly in extraordinary circumstances, review on a writ of habeas corpus of the determination of a court at nisi prius denying or fixing the amount of bail before trial in a *232 criminal action is limited to the record before the nisi prius court.
The relator in this case was charged with grand larceny and remanded without bail. An indictment was filed promptly and arraignment followed. On the People’s application he was remanded without bail on September 25, 1978. He was again denied bail after a hearing on October 4. On October 5 relator sought a writ of habeas corpus on the ground that the bail-denying court had abused its discretion. At the hearing, over the objection of the People, relator offered and the court received evidence which had not been presented to the bail-denying court. On the basis, at least in part, of this additional evidence the habeas corpus court granted the writ and fixed bail at $150,000. On cross appeals the Appellate Division modified to the extent of reducing bail to $100,000 and, as so modified, affirmed the decision of the habeas corpus court. In so doing the Appellate Division explicitly held that it was proper for the habeas corpus court to have considered matters not before the original bail-denying court. We conclude that this was error.
The role and scope and standard of review of an order denying or fixing bail by another court on a writ of habeas corpus was most recently delineated in our court in People ex rel. Klein v Krueger (25 NY2d 497). The action of the bail-fixing court is nonappealable, but may be reviewed in a habeas corpus proceeding "if it appears that the constitutional or statutory standards inhibiting excessive bail or the arbitrary refusal of bail are violated” (id., p 499). Whatever difficulty may be encountered in precisely articulating or in applying the standard of review in a particular case, the function of the habeas corpus court is one of collateral review of the determination of the nisi prius court; it is a second stage re-examination. The habeas corpus court is not to "examine the bail question afresh” or to make a "de novo determination of bail” (id., p 501). The writ of habeas corpus affords an opportunity under constitutional and historical aegis for re-examination of a nonappealable order fixing or denying bail — no more, no less.
Recognition of this focus and objective of the great writ compels the conclusion that in undertaking its at once limited but significant review of the determination of the bail-fixing court the habeas corpus court must of necessity be limited to consideration of the propriety of that determination in the *233 light of the record on which it was made. To receive new evidence would be both to frustrate the integrity of the review function and to undertake a de novo bail determination. This the habeas corpus court may not do.
Changes in relevant facts, of course, may require reconsideration of a bail determination. If there be pertinent evidence which was not submitted to the bail-fixing court in the first instance, principles of orderly process dictate that a renewal of the application for the setting or reduction of bail be made on return to the trial court. (Cf. People ex rel. Llauget v Cyrta, 35 AD2d 724.) That court may not only be familiar with the factual elements of the case but may as well have already weighed pertinent judgmental considerations. Nothing would compel the anticipation that having declined relief on one set of facts, the trial court would automatically or routinely do so on an augmented or supplemented showing. In any event either the initial determination or that made on renewal would.be subject in appropriate instances to scrutiny by writ of habeas corpus, thus preserving for that extraordinary procedural vehicle its traditional review function.
For the reasons stated, the order of the Appellate Division should be reversed, without costs, the granting and reduction of bail vacated, and the petition dismissed, all without prejudice to a renewal, if relator be so advised, of his application for bail before the trial court predicated on such evidence as may then be pertinent, or, again if the relator be so advised, to the institution of a new habeas corpus proceeding to review the denial of bail on the record before the trial court at the time of such denial.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
Order reversed, without costs, the granting and reduction of bail vacated and the proceeding dismissed, without prejudice to institution of a new proceeding in accordance with the opinion herein.