■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PEDRO MORALES, Respondent, v WARDEN, Appellant. (Proceeding No. 1.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. PEDRO MORALES, Respondent, v WARDEN, Appellant. (Proceeding No. 2.)—On the court's own motion, it is,

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PEDRO MORALES, Respondent, v WARDEN, Appellant. (Proceeding No. 1.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. PEDRO MORALES, Respondent, v WARDEN, Appellant. (Proceeding No. 2.)—In two habeas corpus proceedings in the nature of bail reduction, the appeals are from (1) a judgment of the Supreme Court, Kings County (Moskowitz, J.), dated October 15, 1990, made upon a decision dated June 14, 1990, which reduced the petitioner's bail in three criminal actions entitled *People v Pedro Morales* (indictments Nos. 1827/74, 1840/74 and 1841/74) from a total of $105,000 to a total of $25,000 (proceeding No. 1), and (2) a judgment of the same court, dated October 15, 1990, made upon a decision dated October 3, 1990, which further reduced the petitioner's bail to a total of $15,000 and determined that the security offered for that bail was sufficient (proceeding No. 2).

Ordered that the judgments are reversed, on the law and as a matter of discretion, without costs or disbursements, and the writs are dismissed; and it is further,

Ordered that the bail of $105,000 is reinstated.

The petitioner, an illegal alien from Colombia, was charged with various narcotics offenses, including criminal sale of a controlled substance in the first degree, in three separate indictments in 1974. He was released on bail and failed to appear for trial. In March 1990 the petitioner voluntarily returned to New York from Florida for arraignment on the 1974 indictments. In the intervening years, he had posted bail in connection with deportation proceedings brought by the Immigration and Naturalization Service (hereinafter INS) and had failed to appear in those proceedings. Apparently the

impetus for his return to New York was his arrest in connection with the INS proceedings, and his subsequent application for a stay of deportation proceedings and for permanent resident status.

Bail was set at the petitioner's arraignment in March 1990 on the 1974 indictments and was subsequently increased to a total of $150,000 by Justice Marano in a Conference Part after the People advised the court that the undercover officer involved in the alleged sale in 1974 and an audiotape of the transaction were available. On May 24, 1990, the bail was reduced by Justice Marano to a total of $105,000 and the matter was assigned to Justice Kramer for trial on June 25, 1990.

The petitioner commenced a habeas corpus proceeding on June 14, 1990, seeking a reduction of bail. The petition was heard by Justice Moskowitz, who sitting in the Miscellaneous Motions Part, reduced the bail to a total of $25,000. In the trial part on June 25, 1990, Justice Kramer denied the People's motion to increase bail but agreed to conduct a hearing pursuant to CPL 520.30 on the sufficiency of the security for the bail. At the conclusion of the hearing, the court determined, *inter alia,* that the security was insufficient and refused to sign the bond.

On October 1, 1990, the petitioner brought an application before Justice Moskowitz for a reduction of bail. The parties have agreed that this application was, in effect, a petition for a writ of habeas corpus. On October 3, 1990, Justice Moskowitz, having reviewed the minutes of the bail sufficiency hearing held before Justice Kramer, ruled that the collateral was sufficient to support bail of $15,000 and reduced the bail from a total of $25,000 to $15,000.

The judgment in proceeding No. 1 reducing the petitioner's bail based upon the decision dated June 14, 1990, must be reversed as there was no showing that the prior bail determination violated constitutional or statutory standards inhibiting excessive bail *(see, People ex rel. Rosenthal v Wolfson,* 48 NY2d 230; *People ex rel. Parone v Phimister,* 29 NY2d 580; *People ex rel. Klein v Krueger,* 25 NY2d 497; *People ex rel. Meyer v Warden,* 154 AD2d 413). In view of the fact that the petitioner faced possible sentences of at least 15 years to life if convicted, his past history of flight on three different occasions, and the apparent strength of the People's proof, the bail of $105,000 was not excessive, and the writ should have been dismissed *(see,* CPL 510.30; *cf., People ex rel. Parker v Hasenauer,* 62 NY2d 777).

For the same reasons, the petitioner's application for a further reduction of bail in October 1990 should have been denied as there were no new or additional factors or change in circumstances. We find that the granting of that application constituted an improvident exercise of discretion. Mangano, P. J., Thompson, Sullivan and Rosenblatt, JJ., concur.