Ordered that the judgment is affirmed.

It is clear from the record that the defendant knowingly, voluntarily, and intelligently absented himself during that portion of his *Wade* hearing when the identifying eyewitness testified (*see, People v Closure,* 202 AD2d 985).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Miller, O'Brien and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY WOODS, Appellant. [641 NYS2d 544] —Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered April 14, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention regarding the legal sufficiency of the evidence adduced at trial is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Williams,* 187 AD2d 547). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN YOUNG, Appellant. [640 NYS2d 820] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered September 28, 1994, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAYMOND L. COLON, on Behalf of ELVY MATEO, Petitioner, v NEW YORK CITY DEPARTMENT OF CORRECTION, Respondent. [640 NYS2d

816] —Writ of habeas corpus in the nature of an application for bail reduction upon Queens County Indictment No. 4835/95.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Queens County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Kruger*, 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson*, 48 NY2d 230). Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE A. MUNIZ, on Behalf of JUAN CESPEDES, Petitioner, v RIKERS CORRECTIONAL FACILITY, Respondent. [641 NYS2d 552] —Writ of habeas corpus in the nature of an application for bail reduction upon Queens County Indictment No. 4835/95.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Queens County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Kruger*, 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson*, 48 NY2d 230). Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FERNANDO OLIVER, on Behalf of RAFAEL CESPEDES, Petitioner, v NEW YORK CITY DEPARTMENT OF CORRECTION, Respondent. [641 NYS2d 550] —Writ of habeas corpus in the nature of an application for bail reduction upon Queens County Indictment No. 4835/95.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Queens County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Kruger*, 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson*, 48 NY2d 230). Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.

(April 22, 1996)

JEFFREY BROWN, Appellant, v JOHN J. WRIGHT et al., Respondents. [641 NYS2d 125] —In an action to recover damages