816] —Writ of habeas corpus in the nature of an application for bail reduction upon Queens County Indictment No. 4835/95.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Queens County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Kruger,* 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.

■■■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE A. MUNIZ, on Behalf of JUAN CESPEDES, Petitioner, v RIKERS CORRECTIONAL FACILITY, Respondent. [641 NYS2d 552] —Writ of habeas corpus in the nature of an application for bail reduction upon Queens County Indictment No. 4835/95.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Queens County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Kruger,* 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.

■■■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FERNANDO OLIVER, on Behalf of RAFAEL CESPEDES, Petitioner, v NEW YORK CITY DEPARTMENT OF CORRECTION, Respondent. [641 NYS2d 550] —Writ of habeas corpus in the nature of an application for bail reduction upon Queens County Indictment No. 4835/95.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Queens County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Kruger,* 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.

(April 22, 1996)

■ JEFFREY BROWN, Appellant, v JOHN J. WRIGHT et al., Respondents. [641 NYS2d 125] —In an action to recover damages