■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHANDRA GOMES, on Behalf of JAMES BOYD, Petitioner, v MICHAEL P. JACOBSON, Respondent. [642 NYS2d 543] —Writ of habeas corpus in the nature of an application to release the defendant on his own recognizance, pending sentencing on his conviction of criminal sale of a controlled substance in the seventh degree under Queens County Indictment No. QN11724/95.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Queens County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Krueger,* 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). Pizzuto, J. P., Santucci, Altman and Hart, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENNETH JOELSON, on Behalf of BRIDGET OSBORNE, Petitioner, v HECTOR EUGUI, Respondent. [642 NYS2d 548] —Writ of habeas corpus in the nature of an application to release Bridget Osborne on her own recognizance under Kings County Indictment No. 3757/96, or, in the alternative, fixing bail under that indictment.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Kings County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Krueger,* 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.