■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOYD WILDER, Appellant. [665 NYS2d 322] —Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 28, 1995, convicting him of murder in the second degree (two counts), attempted robbery in the first degree, attempted robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR FRANCIS, Petitioner, v ROBERT ORTEZ, Respondent. [665 NYS2d 535] —Writ of habeas corpus in the nature of an application for bail reduction upon Queens County Indictment No. 763/97, and for leave to prosecute the proceeding as a poor person.

Ordered that the branch of the application which is for leave to prosecute the proceeding as a poor person is granted; and it is further,

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Queens County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (People ex rel. Klein v Krueger, 25 NY2d 497, 499; see, People ex rel. Rosenthal v Wolfson, 48 NY2d 230). O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MATTHEW MURASKIN, on Behalf of ANDRE VALDEZ, Petitioner, v JOSEPH JABLONSKI, as Sheriff of Nassau County, Respondent. [665 NYS2d 536] —Writ of habeas corpus in the nature of an application for bail reduction upon Nassau County Indictment No. 25785/97 to release the defendant on his own recognizance.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Nassau County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (People ex rel. Klein v Krueger, 25 NY2d 497, 499; see, People ex rel. Rosenthal v Wolfson, 48 NY2d 230). Rosenblatt, J. P., Miller, Copertino and Goldstein, JJ., concur.