■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER PANARO, on Behalf of IGAL RIMAN, Petitioner, v WARDEN OF NASSAU COUNTY CORRECTION CENTER, Respondent. [677 NYS2d 486] —Writ of habeas corpus in the nature of an application for bail reduction upon Nassau County Indictment No. 17135/98.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Nassau County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Krueger*, 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson*, 48 NY2d 230). Pizzuto, J. P., Joy, Florio and Luciano, JJ., concur.

(September 16, 1998)

■ In the Matter of STUART GOLTZMAN, Petitioner, v PHYLLIS O. FLUG, as Justice of the Supreme Court of the State of New York, et al., Respondents. [678 NYS2d 901] —Proceeding pursuant to CPLR article 78 in the nature of mandamus, *inter alia*, to compel the respondent Justice Phyllis O. Flug to grant a jury trial pursuant to Domestic Relations Law § 173 in an underlying matrimonial action entitled *Goltzman v Goltzman*, pending in the Supreme Court, Queens County.

Adjudged that the proceeding is dismissed as academic, without costs or disbursements.

In papers submitted in opposition to this proceeding the Attorney-General asserts that Justice Phyllis O. Flug has granted a jury trial in the underlying action on the issue of the grounds for a divorce pursuant to Domestic Relations Law § 173. Accordingly, this proceeding is dismissed as academic. Mangano, P. J., Bracken, Rosenblatt, Miller and Sullivan, JJ., concur.