■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SCOTT BRETTSCHNEIDER, on Behalf of ERNEST BOLDEN, Petitioner, v SHERIFF, NASSAU COUNTY JAIL, Respondent. [693 NYS2d 452] —Writ of habeas corpus in the nature of an application for bail reduction upon Nassau County Indictment No. 2274/99.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Nassau County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Krueger*, 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson*, 48 NY2d 230). Friedmann, J. P., McGinity, H. Miller and Smith, JJ., concur.

(August 18, 1999)

■ In the Matter of RACHEL A. ADAMS et al., Appellants, v MOLLY KLAPPER, Respondent, and BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent. [694 NYS2d 147] —In a proceeding pursuant to Election Law article 16 to invalidate petitions designating Molly Klapper as a candidate in a primary election to be held on September 14, 1999, for the nomination of the Democratic Party as its candidate for Judge of the Civil Court of the City of New York from the 5th Civil (Municipal) Court District, Kings County, the appeal is from an order of the Supreme Court, Kings County (Shaw, J.), dated August 16, 1999, which, after a hearing, denied the petition.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, King County, for further proceedings consistent herewith.

The Supreme Court erred in denying the petitioner an opportunity to present additional witnesses, who were under subpoena, to testify regarding alleged Election Law irregularities in connection with the subject designating petitions. Accordingly, the hearing should be reopened, the petitioner should be afforded the opportunity to call the witnesses in question, and a de novo determination of the proceeding should be made based on the record as amplified at the reopened hearing. S. Miller, J. P., Ritter, H. Miller and Smith, JJ., concur.