THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEPHEN R. MAHLER, on Behalf of WILLIAM NIEVES, Petitioner, v WARDEN OF THE QUEENS HOUSE OF DETENTION et al., Respondents. [704 NYS2d 833] —Writ of habeas corpus in the nature of an application for bail reduction upon Queens County Indictment No. 1417/81.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Queens County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Krueger,* 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). Goldstein, J. P., Florio, Feuerstein and Schmidt, JJ., concur.

(March 20, 2000)

FREDERICK ABRAMSON et al., Respondents, v LAWRENCE UNION FREE SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-Respondent. LONG BEACH CITY SCHOOL DISTRICT, Proposed Defendant and Third-Party Defendant-Appellant. [704 NYS2d 883] —In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant third-party defendant appeals from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated June 16, 1998, as granted the plaintiffs' motion for leave to amend the complaint by adding it as a defendant.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in granting the plaintiffs' motion for leave to amend the complaint to add the third-party defendant Long Beach City School District as a defendant. The infant plaintiff's time to file a late notice of claim and to commence an action against the third-party defendant had not expired (*see, Henry v City of New York,* 94 NY2d 275; General Municipal Law § 50-e [5]). Santucci, J. P., Sullivan, Florio and Schmidt, JJ., concur.