opening statements were made. Under the circumstances, the waiver was valid (*see, People v Jones, supra; People v Satcher,* 144 AD2d 992; *People v Kravitz,* 140 AD2d 972). Since the defendant waived his right to a jury trial and consented to a bench trial, his contention that the prohibition against double jeopardy was violated is without merit (*see, People v Brown,* 147 AD2d 579; *see also, People v Ferguson,* 67 NY2d 383). Altman, J.P., Florio, H. Miller and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL WADE, Appellant. [739 NYS2d 280] —Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered May 17, 2000, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Altman, J.P., S. Miller, Krausman, McGinity and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKE YORK, Also Known as MICHAEL YORK, Appellant. [739 NYS2d 281] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered June 30, 1999, convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20-21; *People v Santos,* 86 NY2d 869, 870). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Ritter, J.P., O'Brien, Crane and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR APPLEMAN, on Behalf of MORAN HERSHOWITZ, Petitioner, v

CHARLES HYNES, Respondent. [739 NYS2d 292] —Writ of habeas corpus in the nature of an application for bail reduction upon Kings County Indictment No. 1512/02.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Kings County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Krueger,* 25 NY2d 497, 499; *see People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). Santucci, J.P., Altman, Townes and Crane, JJ., concur.

 THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT F. KATZBERG, on Behalf of DROR HERSHOWITZ, Petitioner, v CHARLES HYNES, Respondent. [739 NYS2d 292] —Writ of habeas corpus in the nature of an application for bail reduction upon Kings County Indictment No. 1512/02.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Kings County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Krueger,* 25 NY2d 497, 499; *see People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). Santucci, J.P., Altman, Townes and Crane, JJ., concur.

 THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENJAMIN SMALLS, Appellant, v WARDEN DeCIUCEIS, Respondent. [739 NYS2d 581] —In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lange, J.), entered January 16, 2001, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court properly dismissed this habeas corpus proceeding, since it was not the appropriate vehicle for asserting the claims raised in the petition (*see, People ex rel. Douglas v Vincent,* 50 NY2d 901; *People ex rel. Maldonado v Artuz,* 267 AD2d 411; *People ex rel. Smith v Hanslmaier,* 237 AD2d 473; *People ex rel. Benbow v Scully,* 189 AD2d 844). Krausman, J.P., McGinity, H. Miller and Adams, JJ., concur.

(March 25, 2002)

 ANDREW ASARO, Appellant, v JOHN MICALI et al., Respondents. [739 NYS2d 591] —In an action to recover damages