■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SCOTT E. CHAPLIN, Appellant, v THE PEOPLE OF THE STATE OF NEW YORK, et al., Respondents. [941 NYS2d 814]—

Rose, J.P. Appeal from a judgment of the Supreme Court (Hummel, J.), entered November 22, 2011 in Rensselaer County, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

In June 2011, petitioner was indicted on three counts of murder in the second degree stemming from a November 1994 homicide. Following arraignment, petitioner submitted a bail application and, following a hearing, County Court (Ceresia, J.) denied the application. Petitioner then commenced this CPLR article 70 proceeding alleging that County Court abused its discretion. After a hearing, Supreme Court dismissed petitioner's writ of habeas corpus and he now appeals.

We affirm. The scope of this Court's review is limited to whether County Court abused its statutory discretion by arbitrarily denying petitioner's bail application based on the record before it (*see People ex rel. Rosenthal v Wolfson*, 48 NY2d 230, 232 [1979]; *People ex rel. Raucci v Pollard*, 68 AD3d 1432, 1432-1433 [2009]). Here, County Court considered the statutory factors enumerated in CPL 510.30 (2) (a), including the seriousness of the crimes with which petitioner is charged, the likelihood of conviction, the potential lengthy sentence and his previous record with regard to court appearances, and there is support in the record for the conclusions reached by the court. Accordingly, we cannot say that County Court abused its "sole nonreviewable discretion" in denying bail (*People ex rel. Klein v Krueger*, 25 NY2d 497, 502-503 [1969]; *accord People ex rel. Raucci v Pollard*, 68 AD3d at 1433; *see People ex rel. Litman v Warden of Manhattan House of Detention*, 23 AD3d 258, 258 [2005], *lv denied* 6 NY3d 708 [2006]).

Consequently, Supreme Court did not err in dismissing petitioner's writ of habeas corpus.

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.