■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR AIDALA, on Behalf of ARTHUR BOGORAZ, Petitioner, v WARDEN, RIKERS ISLAND CORRECTIONAL FACILITY, Respondent. [952 NYS2d 904]—

Writ of habeas corpus in the nature of an application, inter alia, to release the detainee, Arthur Bogoraz, from the Rikers Island Correctional Facility, upon his posting of an insurance company bail bond in the sum of $2,000,000.

Adjudged that the writ is dismissed, without costs or disbursements.

At a bail bond source hearing held pursuant to CPL 520.30, the petitioner has the burden of proving by a preponderance of the evidence that the cash or collateral posted to secure a bail bond originates from a legitimate source and is not the fruit of criminal or unlawful conduct (*see People v Esquivel*, 158 Misc 2d 720 [1993]; *see also People ex rel. Savage v Horn*, 56 AD3d 806 [2008]). Under the circumstances presented here, the petitioner failed to meet his burden at the bail bond source hearing. Further, contrary to the petitioner's contention, we find no impropriety as to the scope of the hearing (*see People v Agnello*, 183 Misc 2d 694, 697-698 [2000]; *People v Esquivel*, 158 Misc 2d at 729).

Contrary to the petitioner's contention, there is no requirement in CPL 520.30 that a respondent must initially show reasonable cause to hold a bail bond source hearing in the first instance where, as here, real property was the sole collateral to be posted to secure the bail bond.

A report from a forensic accountant, submitted by the petitioner, is not properly before this Court, because it was not submitted to the hearing court until after its determination on the bail bond application (*see People ex rel. Rosenthal v Wolfson*, 48 NY2d 230, 232-233 [1979]).

The petitioner's remaining contention is not properly before this Court. Angiolillo, J.P., Balkin, Lott and Roman, JJ., concur.