People ex rel. Cassar v Toulon (2020 NY Slip Op 03206)





People ex rel. Cassar v Toulon


2020 NY Slip Op 03206


Decided on June 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2020-04198 DECISION, ORDER & JUDGMENT

[*1]The People of the State of New York, ex rel. Christopher J. Cassar, on behalf of Anthony Loor, petitioner,
v
Errol D. Toulon, Jr., etc., et al., respondents.


Christopher J. Cassar, Huntington, NY, petitioner pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Meaghan Powers of counsel), for respondent Errol D. Toulon, Jr., and respondent pro se.
Writ of habeas corpus in the nature of an application to release Anthony Loor on his own recognizance or for bail reduction upon Suffolk County Felony Docket Nos. CR-013963-20SU, CR-013964-20SU, CR-013965-20SU, CR-013966-20SU, CR-013967-20SU, CR-013968-20SU, CR-013969-20SU, and CR-013970-20SU.



ADJUDGED that the writ is sustained to the extent that bail on Suffolk County Felony Docket No. CR-013967-20SU, is reduced to the sum of $2,500,000, which may be posted in the form of an insurance company bail bond in that sum, in the form of partially secured bond in the sum of $2,500,000 at 10%, or by depositing the sum of $2,500,000 as a cash bail alternative, with a bail source hearing to be held pursuant to CPL 520.30, on condition that (1) Anthony Loor shall surrender all passports, if any, he may have to the Office of the District Attorney of Suffolk County and is prohibited from applying for any new or replacement passports; (2) Anthony Loor shall wear an electronic monitoring bracelet, with monitoring services to be provided by an entity approved by the Office of the District Attorney of Suffolk County; any violations of the conditions set forth herein relating to the electronic monitoring of Anthony Loor shall be reported by the electronic monitoring service provider to the Office of the District Attorney of Suffolk County; (3) Anthony Loor shall remain confined to his home, except for visits to the attorney who represents him in connection with the above-referenced felony dockets or his doctors, and shall not travel outside his home except for those visits, and must travel directly to and from his attorney's office and his doctors' offices, from his home, when conducting those visits; and (4) Anthony Loor shall provide to the Office of the District Attorney of Suffolk County, in a form approved by the Office of the District Attorney of Suffolk County, an affidavit in which he attests that if he leaves the jurisdiction he agrees to waive his right to oppose extradition from any foreign jurisdiction; and the writ is otherwise dismissed, without costs or disbursements; and it is further,
ORDERED that upon receipt of a copy of this decision, order and judgment together with proof that Anthony Loor has (1) given an insurance company bail bond in the sum of $2,500,000, given a partially secured bond in the sum of $2,500,000 at 10%, or has deposited the sum of $2,500,000 as a cash bail alternative, subsequent to the bail source hearing held pursuant to CPL 520.30; (2) surrendered all passports, if any, he may have to the Office of the District Attorney of Suffolk County; (3) arranged for electronic monitoring with an entity approved by the Office of [*2]the District Attorney of Suffolk County; and (4) provided the Office of the District Attorney of Suffolk County with an affidavit, in a form approved by the Office of the District Attorney of Suffolk County, attesting that if he leaves the jurisdiction he agrees to waive his right to oppose extradition from any foreign jurisdiction, the Warden of the facility at which Anthony Loor is incarcerated, or his or her agent, is directed to immediately release Anthony Loor.
We find that the writ should be sustained to the extent set forth above, as to Suffolk County Felony Docket No. CR-013967-20SU. However, the determination of the District Court, First District, Suffolk County, as to Suffolk County Felony Docket Nos. CR-013963-20SU, CR-013964-20SU, CR-013965-20SU, CR-013966-20SU, CR-013968-20SU, CR-013969-20SU, and CR-013970-20SU did not violate "constitutional or statutory standards" (People ex rel. Klein v Krueger , 25 NY2d 497, 499; see People ex rel. Rosenthal v Wolfson , 48 NY2d 230).
DILLON, J.P., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court