People ex rel. Konan v Imperati (2022 NY Slip Op 07530)

People ex rel. Konan v Imperati

2022 NY Slip Op 07530

Decided on December 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2022-06903

[*1]The People of the State of New York, ex rel. Ryanne Konan, on behalf of William H. Dicke, petitioner,
v
Kirk Imperati, etc., et al., respondents.

William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), respondent pro se and for respondent Kirk Imperati.
Ryanne Konan, Wappingers Falls, NY, petitioner pro se.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release William H. Dicke upon his own recognizance or, in the alternative, to set reasonable bail upon Dutchess County Indictment No. 23/2022, and proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondent Edward T. McLoughlin, a Judge of the County Court, Dutchess County, from disqualifying Ryanne Konan from acting as counsel for William H. Dicke, and to prohibit the respondents from proceeding with an underlying criminal action entitled People v Dicke , pending in the County Court, Dutchess County, under Indictment No. 23/2022.
ADJUDGED that the writ is dismissed, without costs or disbursements; and it is further,
ADJUDGED that the petition is denied and the proceeding pursuant to CPLR article 78 is dismissed on the merits, without costs or disbursements.
The determination of the County Court, Dutchess County, did not violate "constitutional or statutory standards" (People ex rel. Klein v Krueger , 25 NY2d 497, 499; see People ex rel. Rosenthal v Wolfson , 48 NY2d 230).
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The petitioner has failed to demonstrate a clear legal right to the relief sought.
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court