People ex rel. Welch v Maginley-Liddie (2024 NY Slip Op 01265)

People ex rel. Welch v Maginley-Liddie

2024 NY Slip Op 01265

Decided on March 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2024-01757

[*1]The People of the State of New York, ex rel. Danielle Welch, on behalf of Christopher Ortiz, petitioner, 
v
Lynelle Maginley- Liddie, etc., respondent. 

Twyla Carter, Kew Gardens, NY (Danielle Welch pro se of counsel), for petitioner.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, Corey Reisman, and Christine Occhiogrosso of counsel), for respondent.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Christopher Ortiz upon his own recognizance or, in the alternative, to set reasonable bail upon Queens County Indictment No. 74782/2023.
ADJUDGED that the writ is dismissed, without costs or disbursements.
Contrary to the petitioner's contentions, Christopher Ortiz was charged with qualifying offenses under CPL 510.10(4)(t). He was charged with felony offenses that "arose from conduct occurring" while he was "released under conditions" of monetary bail on separate felony charges (id.).
The petitioner's contention that CPL 510.10(4)(t) does not apply in this case because Christopher Ortiz was released on bail and that statute applies to people "released on [their] own recognizance [or] released under conditions," presents a question of pure statutory interpretation. "[I]t is a bedrock principle of statutory interpretation that 'the [c]ourt's primary consideration is to ascertain and give effect to the intention of the Legislature'" (Matter of Town of Southampton v New York State Dept. of Envtl. Conservation, 39 NY3d 201, 209, quoting Matter of Mestecky v City of New York, 30 NY3d 239, 243). "'Inasmuch as the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof'" (Matter of Town of Southampton v New York State Dept. of Envtl. Conservation, 39 NY3d at 209, quoting Kuzmich v 50 Murray St. Acquisition LLC, 34 NY2d 84, 91). "Furthermore, '[a] statute must be construed as a whole, and its various sections must be considered together and with reference to each other'" (Matter of Town of Southampton v New York State Dept. of Envtl. Conservation, 39 NY3d at 209, quoting Matter of Petron v New York City Bd. of Stds. & Appeals, 36 NY3d 271, 280 [internal quotation marks omitted]; see Town of Aurora v Village of E. Aurora, 32 NY3d 366, 372).
Here, the petitioner, in contending that CPL 510.10(4)(t) is applicable only to principals released on their own recognizance or released under non-monetary conditions, seeks to read the term "non-monetary" into the statute, excluding bail as a condition. However, CPL 510.10(4)(t) is the only statute within CPL article 510 to use the term "conditions" without the use [*2]of the modifier "non-monetary," evidencing the intent of the Legislature to apply that statute to all conditions of release rather than only non-monetary conditions. Further, CPL 500.10(10) defines "cash bail" as being posted "upon the condition that such money will become forfeit to the people of the state of New York if the principal does not comply with the directions of a court requiring his attendance at the criminal action or proceeding involved or does not otherwise render himself amenable to the orders and processes of the court" (emphasis added). Accordingly, the charged crimes in this case were qualifying offenses under CPL 510.10(4)(t) (see People ex rel. Litman v Spano, 197 AD3d 1211, 1212).
In addition, the bail determination of the Supreme Court, Queens County, did not violate "constitutional or statutory standards" (People ex rel. Klein v Krueger, 25 NY2d 497, 499; see People ex rel. Rosenthal v Wolfson, 48 NY2d 230, 233).
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court