Matter of People of the State of N.Y. ex rel. Burse v Maginley-Liddie
2026 NY Slip Op 03892
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the People of the State of New York, ex. rel. Eric M. Burse, on Behalf of Jaime Beltran, Petitioner-Appellant,
v
Lynelle Maginley-Liddie, Commissioner, New York City Department of Corrections, Respondent-Respondent.

Decided and Entered: June 18, 2026
Ind No. 453385/25|Appeal No. 6926|Case No. 2025-08047|
Before: Kennedy, J.P., Friedman, Gesmer, Michael, Chan, JJ.

New York County Defender Services, New York (Dorothy Weldon of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

[*1]
Judgment (denominated an order), Supreme Court, New York County (Ellen N. Biben, J.), entered December 10, 2025, granting the petition for a writ of habeas corpus to the extent of remitting it to the nisi prius court for determination of the underlying criminal defendant's CPL 30.30(2)(a) motion, unanimously affirmed, without costs.
The judgment is appealable as it was final and adverse to petitioner to the extent that it did not grant his release from pre-trial detention, which he sought. On the merits, we find that under the circumstances of this case, the habeas court properly concluded that a writ was warranted only to the extent of remitting the case to the nisi prius court for a hearing and determination on petitioner's CPL 30.30 (2)(a) release arguments.
The habeas court is "limited to consideration of the propriety of [the nisi prius court's] determination in [ ] light of the record on which it was made" (People ex rel Rosenthal v Wolfson, 48 NY2d 230, 232-233 [1979]). Here, the nisi prius court initially declined to conduct a prompt hearing on the merits of the CPL 30.30(2)(a) motion, as required by the statute, and instead, denied the motion without inquiring into most of the time periods challenged by petitioner. Consequently, the habeas court was extremely limited in its review of the nisi prius court's record and unable to make a determination as to whether defendant was being illegally detained and entitled to release under CPL 30.30(2)(a) (see People ex rel. Rosenthal, 48 NY2d at 233). The habeas court was permitted to remit this case to the nisi prius court to conduct a CPL 30.30 hearing to develop the record (see CPLR 7010, 7011; see also People ex rel. Kon v Maginley-Liddie, 45 NY3d 100, 105-106 [2025]; People ex rel. Darocha v Maginley-Liddie, 244 AD3d 501, 502 [1st Dept 2025]). Notably, petitioner did not appeal from the post-habeas determination on his CPL 30.30(2)(a) motion.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026